WILL OF MITCHELL.

*May 1—May 21, 1914.*

*Wills: Construction: Adopted child not a "child:" Appeal: Review.*

1. The rule that the purpose of the testator is to be strictly carried out if it can be fairly gathered from the language used, in the light of the entire instrument and the characterizing circumstances, applies in determining whether a provision in a will for the "child" of another refers to an adopted child as well as a child of the blood.

2. In this case an adopted child of the testator's son is *held* not to be a "child" of such son within the meaning of the will.

3. The precise meaning intended by a testator in using a particular expression is a matter of fact to be solved from evidentiary inferences, and the result reached by the trial court, if consistent with correct principles of law, will not be disturbed on appeal unless clearly wrong.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Proceeding for the construction of the will of William J. Mitchell, deceased.

The will was made December 7, 1894.   The testator had eight children.   The oldest was about fifty-five and the young-

est forty years of age.   He had forty grandchildren.   One of
his sons,—William Henry Mitchell,—in his forty-seventh year
and on May 10, 1892, married a woman aged forty-four years.
Neither had been married before.   She was forty-seven when
the will was made.   The testator was an illiterate man.   He
possessed considerable property.   He remembered each of his
children by a substantial provision therefor with directions, in
some cases, for remainders and survivorships, indicating an
intention to have his property go to and be enjoyed by persons
of his own blood.   The sixth clause contained this provision
for his son William Henry:

"I give, devise and bequeath unto my son William Henry
Mitchell the north half of the southwest quarter of the south-
west quarter (N. ½ of S.W. ¼ of S.W. ¼) and the southeast
quarter of the southwest quarter of the southwest quarter
(S.E. ¼ of S.W. ¼ of S.W. ¼) of section number twenty (20)
and the east half of the southwest quarter (E. ½ of S.W. ¼)
of section number twenty (20), all in township number five
(5), range number three (3) east, in Iowa county, state of
Wisconsin, for and during the term of his natural life, and
from and after his death, I give, devise and bequeath the same
unto his children should he have any at the time of his death.
If at the death of my said son William Henry Mitchell he does
not leave him surviving any child or children or any child or
children of a deceased child, and his wife survives him, then
and in that event I direct that the real estate herein in this
sixth item of my will mentioned shall be sold by my ex-
ecutors hereinafter named, and if my said executors be not
then living by such person as the county court of Iowa
county, Wisconsin, shall appoint, hereby giving unto my
said executors full power to convey and deed the same, and
the proceeds derived from the sale of said real estate shall
be invested in good interest-bearing securities and hold the
same for the following purposes: They, my said executors,
shall pay two thirds of the interest to the wife of my son
William Henry Mitchell as long as she shall live or remain
his widow; the other third to be paid to my wife during her
life, and after her death to be kept by my said executors and

distributed with the principal as hereinafter stated. After the death or remarriage of the wife of my said son William Henry Mitchell I direct that said principal sum and what accrued interest may be in their hands to be equally divided among my children then living, no grandchild taking any part thereof. But should the wife of my son William Henry Mitchell die before him, then at his death, if he dies leaving no children surviving him, I give, devise and bequeath all of my said real estate mentioned in the sixth item of my will to my children then living in equal share, and if none of my children are living, then I direct said land to be sold by my executors as herein stated and to divide the proceeds among all my grandchildren in equal shares."

After the will was made *Clarence Somerville* was born. He was not of the blood of, nor was his existence known to, the testator who died about sixty days after the birth of the child. About five years after testator's death *Clarence* became the adopted child of William Henry Mitchell and wife. About seven years thereafter William died, leaving surviving his wife and adopted son.

These proceedings were commenced in county court. The question at issue was whether the adopted son answered to the call for a surviving child under the sixth clause of William J. Mitchell's will. The decision was in the negative. An appeal was taken to the circuit court on behalf of *Clarence*, resulting in the judgment of the county court being affirmed. This appeal is therefrom.

*Ernest C. Fiedler*, special guardian of *Clarence Mitchell*, appellant, cited sec. 4024, Stats.; *Johnson's Appeal*, 88 Pa. St. 346; *Parsons v. Parsons*, 101 Wis. 76, 77, 77 N. W. 147; *Glascott v. Bragg*, 111 Wis. 605, 609, 87 N. W. 853; *Lichter v. Thiers*, 139 Wis. 481, 121 N. W. 153; *Sandon v. Sandon*, 123 Wis. 603, 101 N. W. 1089; *In re Leask*, 197 N. Y. 193, 90 N. E. 652, 27 L. R. A. N. s. 1158; *Hartwell v. Tefft*, 19 R. I. 644, 35 Atl. 882, 34 L. R. A. 500; *Warren v. Prescott*, 84 Me. 483, 24 Atl. 948, 17 L. R. A. 435; *Sewall v. Roberts*,

115 Mass. 262; *Wyeth v. Stone,* 144 Mass. 441, 11 N. E. 729; *Bray v. Miles,* 23 Ind. App. 432, 54 N. E. 446, 55 N. E. 510; *In re Olney,* 27 R. I. 495, 63 Atl. 956.

*T. M. Priestley,* for the administrator *de bonis non,* with the will annexed, argued, among other things, that there is a distinction between an adopted child taking under the will of its parent and that child's taking under the will of some one else, and the weight of authority is to the effect that where the statute of adoption makes an adopted child the child of the adoptor for purposes of inheritance, its object is to enable the child to inherit *from* and not *through* the adoptive parent, and that an adopted child will not benefit by a limitation over in a deed or grant to the adoptor's child or children. *Stout v. Cook,* 77 N. J. Eq. 153, 75 Atl. 583; *Freeman's Estate,* 40 Pa. Super. Ct. 31; *In re Hopkins,* 102 App. Div. 458, 92 N. Y. Supp. 463; *In re Leask,* 197 N. Y. 193, 90 N. E. 652; *Russell v. Russell,* 84 Ala. 48, 3 South. 900; *In re Woodcock,* 103 Me. 214, 68 Atl. 821; *Lichter v. Thiers,* 139 Wis. 481, 121 N. W. 153; *Jenkins v. Jenkins,* 64 N. H. 407, 14 Atl. 557; *Keegan v. Geraghty,* 101 Ill. 26; *Hockaday v. Lynn,* 200 Mo. 456, 98 S. W. 585, 8 L. R. A. N. s. 117; 27 Am. & Eng. Ency. of Law (2d ed.) 334; *Reinders v. Koppelman,* 94 Mo. 338, 7 S. W. 288.

*Calvert Spensley,* for the respondent *Richard Mitchell.*

MARSHALL, J.    The purpose of a testator is to be strictly carried out if it can be fairly gathered from the language used to express it in the light of the entire instrument and the characterizing circumstances.

The rule stated applies in determining whether the word "child" of another in a will refers to a child of the blood of such other or an adopted child. *Lichter v. Thiers,* 139 Wis. 481, 121 N. W. 153.

The trial court in determining the precise meaning intended by a testator in using a particular expression deals with matter of fact to be solved from evidentiary inferences

and, in case of a result being reached consistent with correct principles of law, the rule applies on appeal that such result will not be disturbed unless clearly wrong.

The trial court, in this case, reached the result complained of by weighing the evidentiary inferences arising from the whole will and its characterizing circumstances according to the foregoing principles. No clear indication of error in re- spect thereto appears. Therefore:

*By the Court.*—The judgment is affirmed.