[L. A. No. 7796. In Bank.—October 23, 1923.]

CITY OF PASADENA (a Municipal Corporation), Petitioner, v. BESSIE CHAMBERLAIN, as City Clerk, etc., Respondent.

[1] MUNICIPAL CORPORATIONS — SPECIAL BONDS ELECTION — SUFFICIENCY OF VOTE—STATS. 1901, P. 27, AND STATS. 1915, P. 1454.— A bond issue for the acquisition, construction, and completion of a municipal branch library, submitted to the voters of a municipality at a consolidated general and special bonds election held under the provisions of section 3 of the Statute of 1901 (Stats. 1901, p. 27), as amended in 1915 (Stats. 1915, p. 1454), failed to carry where two-thirds of the voters voting at the special election did not vote in favor of this particular bond issue, although two-thirds of the voters voting on this particular bond issue did vote in favor thereof, even though the ordinances calling the election provided that each bond issue should be a separate election and that these several separate elections should be held at the same time and place.

PROCEEDING in Mandamus to compel City Clerk of City of Pasadena to sign municipal bonds. Writ denied.

The facts are stated in the opinion of the court.

James H. Howard, City Attorney, and Roscoe R. Hess, Assistant City Attorney, for Petitioner.

O'Melveny, Millikin, Tuller & Macneil and Paul E. Schwab for Respondent.

WILBUR, C. J.—Petitioner seeks a writ of *mandamus* to compel the respondent to sign certain bonds to be issued by the City of Pasadena in the sum of thirty thousand dollars "for the purpose of the acquisition, construction and completion by the City of Pasadena of a certain municipal improvement, to wit, the acquisition of land and the construction and completion thereon of a building for Branch Library purposes." The real question involved is whether or not a sufficient number of voters voted for this bond proposition at a general municipal election and special bond and charter amendments election held in the City of Pasadena on the fifth day of April, 1923. The bond issue in

question was submitted as "Bond Proposition No. 4" at such election. There were 1,280 votes for the issuance of said bonds and 612 votes against the issuance of said bonds. The total number of voters voting at the election was 2,012 and the highest number of voters voting on any bond proposition was 1,970. If it was required that two-thirds of the total number of voters voting at the election upon any subject or for any person was necessary to ratify the proposed bond issue, the number of voters voting affirmatively for the bond issue was insufficient. If it was necessary to secure two-thirds of the voters voting on any other bond proposition, then the number voting affirmatively upon this bond issue were insufficient.

The board of directors of the City of Pasadena provided for the holding of four separate special bond elections at the same time the general municipal election was held and at the same time four charter amendments, lettered A, B, C, and D, were to be voted upon. The ballot furnished the voters at the election contained the names of the board of directors to be voted for at such general municipal election, the four bond propositions and the four charter amendments. The election was conducted by a single set of officers, but the ordinances calling the election provided that each bond issue should be a separate election and that these four separate elections should be held at the same time and place. It is therefore contended by the petitioner that the vote upon each separate bond issue should be considered as though it were the only proposition voted upon at the election and that where two-thirds of the voters voting upon the particular bond issue voted in favor thereof that such bond issue should be deemed carried.

This court has held that where a special bond election has been consolidated with a general election and two-thirds of the voters voting upon the question of the issuance of bonds have voted in favor thereof, that this is sufficient to carry the bond issue although such number was less than two-thirds of those voting at the election (*Howland* v. *Board of Supervisors,* 109 Cal. 152 [41 Pac. 864] ; *Morgan* v. *City of Los Angeles,* 182 Cal. 301 [187 Pac. 1050] ). In the case of *Law* v. *San Francisco,* 144 Cal. 384 [77 Pac. 1014], it was held that where several bond issues were voted on at the same special election that it was not sufficient for each bond

issue to have two-thirds of the vote upon such particular issue, but it was essential that it should have two-thirds of the vote cast at the special election upon the subject of bonded indebtedness. This decision was based upon the special charter provisions of the city and county of San Francisco upon the subject of such bonded indebtedness (art. XII, sec. 4). This conclusion was arrived at partly because of a change in the language of that section, which as it originally stood provided for a majority of "two-thirds of the electors voting thereon at such election," whereas it had been amended to provide for two-thirds of the electors voting at a special election as necessary to carry the bond issue. The court there stated: "Under the earlier charter provision it would have been quite permissible to hold that the law meant that each proposition severally was to receive a two-thirds vote of those voting upon it, but, *ex industria,* this language has been changed so as to require a two-thirds vote of those voting at the special election. Since these propositions were submitted separately, as the charter contemplates, the failure of one to carry does not affect the validity of the others which have received the requisite number of votes." The decision of the district court of appeal of the second district in *City of Long Beach* v. *Boynton,* 17 Cal. App. 290 [119 Pac. 677], was based upon a similar provision in the Statutes of 1901 (Stats. 1901, p. 27, sec. 3), and it was there held that under this statute where two bond issues were submitted at the same election, a separate proposed bond issue was defeated unless two-thirds of all those voting at the special election voted for the particular bond issue in question.

The election in the case at bar was held under the terms of section 3 of the Statute of 1901, *supra,* as amended in 1915 (Stats. 1915, p. 1454), which provides now as the section did at the time of the bond election in Long Beach, passed on by the district court of appeal in *City of Long Beach* v. *Boynton, supra,* that, "It shall require the votes of two-thirds of all the voters voting at such special election to authorize the issuance of the bonds herein provided. . . . "

To this act authorizing elections concerning the issuance of bonds the legislature of 1915 added a new section (Stats. 1915, p. 1454, sec. 12¾) permitting the consolidation of a special bond election "with any other election authorized by

law at which the qualified voters of such city, town or municipal corporation are entitled to vote. . . . ''

[1]    The contention of petitioner that each item of proposed bonded indebtedness was submitted at a separate bond election, consolidated with several other special bond elections held for the purpose of passing upon other proposed bond issues, and that therefore a voter should not be considered as voting at one of these special bond elections unless he voted upon the particular bond issue is not wholly without foundation in view of our decision to the effect that when a special bond election is consolidated with a general election, voters voting upon the propositions submitted at the general election are deemed not to have voted at the special election for the issuance of bonds consolidated therewith unless voting for the proposition submitted at special election (*Morgan* v. *City of Los Angeles, supra*). We must, however, look at the substance rather than the form, and the situation presented here is no different in substance from those considered in *Law* v. *San Francisco, supra,* and *City of Long Beach* v. *Boynton, supra,* where several items of proposed bonded indebtedness were submitted by one ordinance at one election.

Upon the authority of those decisions the proposed bond issue under consideration failed to carry.

Writ denied.

Waste, J., Seawell, J., Kerrigan, J., Lawlor, J., Lennon, J., and Myers, J., concurred.