[Civ. No. 4002. Second Appellate District, Division One.—February 29, 1924.]

MARY CLARKE LOWRY, Respondent, v. THE COMMON COUNCIL OF THE CITY OF SAN DIEGO et al., Appellants.

[1] MUNICIPAL CORPORATIONS—SPECIAL BOND ELECTIONS—TWO-THIRDS MAJORITY—HOW COMPUTED.—Under the statute of 1901, as amended in 1915 (Stats. 1915, p. 1151), where several bond issues are submitted at a municipal bond election a separate proposed bond issue is defeated unless two-thirds of all those voting at the special election vote for the particular bond issue in question.

(1) 28 Cyc., p. 1589.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

S. J. Higgins, City Attorney, and Arthur F. H. Wright, Deputy City Attorney, for Appellants.

Clifford C. Pease for Respondent.

CURTIS, J.—With a general municipal election held in the city of San Diego on the fifth day of April, 1921, the common council of said city consolidated a special election, at which there were submitted to the voters of the city of San Diego six bond issues. Five of said issues received a two-thirds majority of all the votes cast at said special election, and were declared carried by said common council, but the other bond issue, known as "Proposition Six," while it received a two-thirds majority of all the votes cast upon said proposition six, failed to receive two-thirds of all the votes cast at said special election. The common council for this reason declared that proposition six was defeated and refused to issue or sell the bonds therein provided for. The plaintiff, as a taxpayer of said city, instituted this proceeding for a peremptory writ of mandate, directed to said common council, to compel them to issue and sell the bonds called for in said proposition six. The trial court gave judgment in favor of plaintiff, and defendants have appealed therefrom.

[1] There is but one question involved in this appeal, and that is, Was it necessary, in order to carry said proposition six, that two-thirds of all the voters voting at said special election should vote in favor of said proposition, or was it sufficient, in order to carry said proposition, for two-thirds of all the voters voting on said proposition to vote in favor thereof? Counsel on each side of this controversy have ably presented their respective views in their exhaustive briefs filed in this court. At the time of the filing of these briefs, this question was no doubt open to debate. Since that time, however, the supreme court has decided the identical question involved herein in the case of the *City of Pasadena* v. *Chamberlain,* 192 Cal. 275 [219 Pac. 965]. The opinion in this case was written by Chief Justice Wilbur and was concurred in by all the other justices, and we think it conclusive upon the subject. The

court in this case followed *Law* v. *San Francisco,* 144 Cal. 384 [77 Pac. 1014], and *City of Long Beach* v. *Boynton,* 17 Cal. App. 290 [119 Pac. 677], and held "that under this statute where two bond issues are submitted at the same election, a separate proposed bond issue was defeated unless two-thirds of all those voting at the special election voted for the particular bond issue in question." The statute referred to in this opinion is the statute of 1901, as amended in 1915 (Deering's Stats. 1915, p. 1151), and is the same statute under which the common council of the city of San Diego proceeded in the calling and holding of the special bond election, out of which this action arose.

In the Pasadena case four bond propositions were submitted to the voters of said city at a special bond election, which special bond election had been consolidated with a general municipal election. Bond proposition No. 4, at such election, received a two-thirds majority of all the votes cast on said proposition, but failed to receive two-thirds of all the votes cast at said special election, and the supreme court held that it was defeated.

It follows that the judgment in this action should be reversed, and it is so ordered.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1924.

All the Justices concurred.