[Civ. No. 10645. First Appellate District, Division One.—January 5, 1938.]

In the Matter. of the Estate of GRACE N. BOYD, Deceased. THE SAN FRANCISCO PRESBYTERIAN ORPHANAGE AND FARM (a Corporation), Appellant, v. MINNIE E. HANSON et al., Respondents.

Douglas A. Nye for Appellant.

Snook & Snook & Chase and Delbert W. Radke for Respondents.

TYLER, P. J.—This appeal involves the proper construction to be given the will of Grace N. Boyd, deceased. Testatrix died on the 3d day of January, 1934, leaving a will dated May 10, 1928, which was admitted to probate. Decedent at the date of the will and at her death owned several parcels of land, securities and cash in the bank. Her nearest and only relatives were two cousins. After making a specific bequest of certain stock to a friend the will contained certain provisions which form the basis of this controversy. They are as follows: "I devise to Theodore C. Knoderer a life estate in my real property situated at the corner of Golden Gate Avenue and Larkin Streets, in the City and County of San Francisco. I devise and bequeath all the remainder of my property of every name and nature and wheresoever situated, whether now in possession or in expectancy, to my cousin Minnie E. Hanson for life. I devise and bequeath the reversion of the property devised and bequeathed to Theodore C. Knoderer and Minnie E. Hanson, absolutely to the Presbyterian Orphanage, at San Anselmo, Marin County, California."

Theodore C. Knoderer died on the 3d day of October, 1936, during the probate of the will, and his life estate in the particular property in question terminated as of that date. Upon distribution the question was presented as to whether or not appellant, the San Francisco Presbyterian Orphanage, was entitled to have distributed to it the immediate fee after the death of Theodore C. Knoderer or whether the enjoyment of the reversion was postponed until after the death of Minnie Hanson, it being claimed by her that under a proper construc-

tion of the will she is entitled to a life estate in the particular parcel of land upon which Theodore C. Knoderer had enjoyed his life estate, as a successive life estate in such property for her benefit was intended by the testatrix in the event she survived the original life tenant. The trial court no doubt was of the opinion that the will was capable of more than one construction and received evidence under section 105 of the Probate Code to determine the testator's intention as to its true meaning. It appeared therefrom that both Theodore C. Knoderer and Minnie E. Hanson were first cousins of decedent and were her only relatives; that they were the only persons in case of intestacy who would be entitled to share in the estate. It was also shown that they were in needy circumstances; that the appellant San Francisco Presbyterian Orphanage and Farm was a charitable corporation and would ultimately receive full title to all of the property. It also appeared that decedent had no personal association with the charity named or interest in its work or that there was any particular ground for the bequest. On the contrary, it appears from the face of the will that decedent did not even know the correct name of the charity to be benefited. Under the language of the will, and the surrounding circumstances, the trial court held that the proper construction of the term ''remainder of my property of every name and nature and wheresoever situated, whether now in possession or in expectancy'', as used in the will, was intended to mean all property and property rights of the decedent which were subject to her testamentary disposition. It was held in particular that one of the property rights of the decedent which had not been disposed of by the preceding clauses of the will was a contingent right to the enjoyment in respondent of the income of the property in which Knoderer had a life interest, which commenced at his death. The last paragraph of the will was construed to be a devise and bequest of the reversion, which did not attach until other estates created by the will, including the estate of respondent Hanson therein for life, had first been exhausted.

 It is well settled that where the provisions of a will are capable of two interpretations, under one of which those of blood of the testator will take, while under the other the property will go to strangers, the interpretation by which the property goes to those of blood of the testator is pre-

ferred. (*Estate of Hartson*, 218 Cal. 536 [24 Pac. (2d) 171]; *Estate of Wilson*, 65 Cal. App. 680 [225 Pac. 283].) ▮ The construction adopted by the trial court is a reasonable one and in keeping with the clause of the will relating to the disposition of the remainder or ultimate succession of the estate, found in the last paragraph thereof, which reads as follows: ''I devise and bequeath the reversion of the property devised and bequeathed to Theodore C. Knoderer and Minnie E. Hanson, absolutely to the Presbyterian Orphanage, at San Anselmo, Marin County, California.'' ▮ When the construction given an instrument by a trial court appears to be reasonable and consistent with the intent of a party, appellate courts will not substitute another interpretation though it seems equally tenable. (*Kautz* v. *Zurich Gen. A. & L. Ins. Co.*, 212 Cal. 576, 582 [300 Pac. 34].) ▮ In the event that a will may appear ambiguous, and evidence is admitted in order to arrive at the testator's intention, inferences and conclusions drawn by the trial court from all of the evidence, and findings made therefrom, have the same weight as the findings of fact made by the trial court in other actions, and such inferences and findings will not be disturbed unless contrary to the inference a reasonable mind might properly draw from the evidence. (*In re Kelly's Estate*, 177 Minn. 311 [225 N. W. 156, 67 A. L. R. 1268].) Such a determination will not be disturbed on appeal unless clearly erroneous. (*In re Mitchell's Will*, 157 Wis. 327 [147 N. W. 332].)

As we are of the opinion that the construction given to the will is a reasonable one, we cannot disturb the conclusion of the trial court. The judgment is affirmed.

Knight, J., and Cashin, J.; concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1938. Curtis, J., and Edmonds, J., voted for a hearing.