[Civ. No. 12493.   First Dist., Div. One.   Feb. 7, 1944.]

Estate of MABEL MAUD OWENS, Deceased. ALONZO JAMES OWENS et al., Appellants, v. HAZEL KIRKE NEAL, Respondent.

A. D. Schaffer for Appellants.

Jacob S. Meyer for Respondent.

DOOLING, J. pro tem.—This appeal is taken from an order of the probate court construing certain provisions of the holographic will of Mabel Maud Owens, deceased. The will in its entirety is copied herein:

"~~May~~ June 10-39
My last will.

What money I have at my death, after my debts are paid one-third to Elizabeth Lyons for her wonder help in time of need, her choise of my two rings, choise of paintings Hazel Neal one third of money left & what clothing she wants One hundred dollars to Lou Farnsworth—choise of china & glass ware & painting Lyons does not want

silverware

One hundred dollars to Jean Merguire and anything else she wants.

Geneve Brown 100 & anything else she wants
Signed Mabel Maud Owens
June 10 1939"

The portion of the order appealed from reads as follows:
"Out of the actual money, as distinguished from property or assets of any other kind or character, included in the estate of the testatrix at the time of her death, including all moneys on deposit in banks, the said Elizabeth Lyons and Hazel Kirke Neal, and each of them shall receive one-third (⅓) of said moneys left by said testatrix, after debts of testatrix are paid.'

Hazel Kirke Neal is a niece of the testatrix. Appellants are the sons of testatrix' predeceased husband and take the undisposed residue of her estate under Probate Code, sections 228 and 229.

The order appealed from is attacked on two grounds: 1. That the trial court erred in not construing the words of the will "after my debts are paid" to include the payment of funeral expenses and expenses of administration; and 2. That the trial court erred in determining that Hazel Kirke Neal was entitled under the will to receive the same amount as Elizabeth Lyons, appellants claiming that she was entitled to take only one-third of the money remaining after the payment of Elizabeth Lyons' bequest.

█ In construing the bequests of money "after my debts are paid" to mean that only liabilities of the testatrix should . be deducted in calculating the amounts, and not liabilities of the estate, the court gave to the language of the will its plain and natural meaning. █ The intent of the testatrix must be gathered from the words used in the will itself if those words are clear and unambiguous. (Prob. Code, sec. 106; *Estate of Blake,* 157 Cal. 448, 459 [108 P. 287]; *Estate of Chamberlain,* 46 Cal.App.2d 16 [115 P.2d 235]; *Gore* v. *Bingaman,* 29 Cal.App.2d 460, 469-470 [85 P.2d 172]; *Estate of Bourn,* 25 Cal.App.2d 590, 602 [78 P.2d 193].)

█ The ordinary and grammatical meaning of "my debts" is clear. The expression is equivalent to "debts which I owe," and only by a strained interpretation could it be extended to include liabilities of the estate arising after the testatrix' death.

Appellants argue that at least funeral expenses should be included in the amount to be deducted from the cash legacies. They cite *Golden Gate Undertaking Co.* v. *Taylor,* 168 Cal. 94 [141 P. 922, Ann.Cas. 1915D 742, 52 L.R.A.N.S. 1152] and *Estate of Magorty,* 169 Cal. 163 [146 P. 430], holding

that funeral expenses are a highly preferred "debt of the estate." The distinction between a debt of the estate and a debt of the decedent is clearly recognized in the Golden Gate Undertaking Co. case, the court saying at p. 98 of 168 Cal.:

"The claim for funeral services is not, to be sure a claim on a contract or debt of the decedent, existing before his death."

No extrinsic evidence was introduced (if such would be admissible) to show that the testatrix used the words "my debts" in any but their natural sense, and we are satisfied that the construction given them by the probate court is the correct one.

■ The second ground of appeal turns on the construction to be given the words of the will: "Hazel Neal one third of money left." The words considering their position in the will are not free from ambiguity. They might mean one-third of the money left "after my debts are paid." This is the construction placed on them by the probate court. Or they might mean one-third of the money left after the payment of one-third to Elizabeth Lyons. This is the construction for which appellants contend.

Extrinsic evidence was introduced showing that Hazel Kirke Neal is a niece of the testatrix and her closest blood relative, that the testatrix' relations with her niece and her niece's children was a cordial and affectionate one, and that she had frequently expressed her affection for them and her interest in their welfare and her intention to assist them financially.

In determining under the ambiguous language of the will the extent of the benefits intended to be bestowed upon her niece by the testatrix the probate judge was entitled to consider the affectionate relationship existing between the two and the testatrix' expressed intention to assist her niece in a financial way. (26 Cal.Jur. 893.) ■ The probate judge was likewise entitled to take into account the settled rule that in case of ambiguity that construction of a will is to be favored which passes the property to a person of the blood of the testator. (*Estate of Hartson,* 218 Cal. 536, 539-540 [24 P.2d 171]; *Estate of Boyd,* 24 Cal.App.2d 287 [74 P.2d 1049]; *Estate of Wilson,* 65 Cal.App. 680, 689 [225 P. 283].)

Under the will a considerable portion of the testatrix' estate was not disposed of and passes in any event by

intestate succession to appellants. We cannot say that under all the circumstances the probate court did not correctly construe the ambiguity in the will in favor of the nearest blood relative of the testatrix, particularly in view of their cordial relationship and the frequently expressed intention of the testatrix to make her niece an object of her bounty.

The order appealed from is affirmed.

Peters, P. J., and Ward, J., concurred.