[Civ. No. 17881. Second Dist., Div. Three. Dec. 19, 1950.]

Estate of HORACE LOUIS DE MOULIN, Deceased. MARY E. DE MOULIN, as Executrix, etc., Respondent, v. CONSTANCE DE MOULIN RICHARDS et al., Appellants.

Forrest D. Macomber for Appellants.

Robert M. L. Baker and John N. Hurtt for Respondent.

WOOD (Parker), J.—Appeal from an order settling final account and for distribution, wherein it was ordered, among other things, that the residue of the estate be distributed to Mary E. De Moulin, the surviving spouse of the testator. The appellants, who are the daughter and son of the testator by a former marriage, contend that the testator did not dispose of the residue by his will, and that it should have been distributed under the laws of succession—one-third each to the daughter, son, and surviving spouse.

Horace Louis De Moulin died on November 1, 1948. He left a last will which was as follows:

"November 21, 1945

To Whom It May Concern:

"I, Horace Louis DeMoulin, of the city of Los Angeles, State of California, being of sound and disposing mind and

memory, do hereby make and declare this to be my Last Will and Testament, and hereby revoke all Wills made by me heretofore.

First, I direct that all debts and funeral expenses be paid by the executrix, hereinafter named, as soon as conveniently may be after my decease.

Second, I hereby bequeath my daughter, Constance De Moulin Richards, the sum of One Hundred Dollars ($100.00).

Third, I hereby bequeath my son, Horace Edmond DeMoulin Junior, the sum of One Hundred Dollars ($100.00).

Fourth, all the rest, residue and remainder of my estate, both personal and real and all factory stock owned by me in the DeMoulin Brothers Factory, located in Greenville, Illonois.

Fifth, I hereby nominate and appoint my wife, Mary E. DeMoulin to be the executrix of this, my Will, and I direct that she be permitted to qualify as such without the giving of a Bond or other security.

HORACE LOUIS DE MOULIN

Witnesses

EVE MARTIN

HERBERT E. MARTIN

_____,,

In her petition for distribution, the executrix of the will, Mary E. De Moulin, alleged that on November 21, 1945, the decedent dictated his last will to Eve Martin for typing; that he so dictated paragraph "Fourth" thereof in the following words: "Fourth, all the rest, residue and remainder of my estate, both personal and real and all factory stock owned by me in the DeMoulin Brothers Factory, located in Greenville, Illinois, I bequeath to my wife, Mary E. DeMoulin."; that through inadvertence, oversight, and mistake Eve Martin in typing said paragraph from her notes as so dictated failed to type therein the words "I bequeath to my wife, Mary E. De Moulin." She alleged further therein that it was decedent's intent and last will that the residue of his estate should be distributed to his wife, Mary E. De Moulin, and in fact said residue was bequeathed to her by said paragraph "Fourth" of his will.

The decedent's daughter and son, who were mentioned in the will, filed objections to the petition for distribution wherein they objected to the addition of the words "I bequeath to my

wife, Mary E. De Moulin'' to said paragraph ''Fourth'' of the will. They declared, in their objections, that there is no ambiguity in the will, that no beneficiary as to the residue of the estate was named in the will, and that decedent died intestate as to the residue. They asked that the residue be distributed according to the laws of succession.

At a hearing upon the petition for distribution and the objections thereto oral and documentary evidence was received. The court found that the decedent by his will disposed of his whole estate as follows: $100 to the daughter; $100 to the son; and the residue to his wife, Mary E. De Moulin. The objections to the petition were overruled, and it was ordered that the estate be distributed in accordance with said findings. The daughter and son appeal.

At said hearing, and over the objection of appellants, Eve Martin testified that on November 21, 1945, decedent asked her to type a will for him; he dictated the will and she wrote the dictation in longhand; the document marked Exhibit No. 1 (being the longhand ''notes'' from which she typed the will) is all in her handwriting and the writing was dictated to her by decedent; she handed said writing to him and he read it; she typed from that writing; after the will was typed decedent signed it in her presence and in the presence of her husband; she thought that at the time he signed the will he ''just glanced at it''; on the occasion when she made Exhibit No. 1 he told her that he wanted Mary to have the house, personal property and some factory stock because she had worked so hard and had taken such good care of him.

The document marked Exhibit No. 1, from which Mrs. Martin typed the will, is a sheet of white paper on both sides of which there is pencil writing. The words and figures on that document are the same as the words and figures on the will, except as follows: The date on the document is ''11/21/45'' instead of ''November 21, 1945.'' The paragraphs in the document are numbered ''1st,'' ''2,'' ''3,'' ''4,'' ''5,'' instead of ''First,'' ''Second,'' ''Third,'' ''Fourth'' and ''Fifth.'' The document does not have '' ($100.00)'' after the words ''one hundred dollars'' in paragraphs 2 and 3. The document has the abbreviation ''Jr.'' in paragraph 3, instead of the word ''Junior.'' In paragraph 4 of the document pencil lines have been drawn through the word ''Illinos,'' (sic) and thereafter is the abbreviation ''Ill.'' In paragraph 4 of the document immediately after ''Ill.'' there are the following words, ''I bequeath to my wife, Mary E. De Moulin.'' (The names

of the testator and the witnesses, which appear at the end of the will, were not on the document.)

Paragraph 4 of the document is as follows: ''4. All the rest, residue and remainder of my estate, both personal and real, and all factory stock owned by me in the De Moulin Brothers Factory, located in Greenville, ~~Illinos~~ Ill. I bequeath to my wife, Mary E. De Moulin.''

■■ Appellants contend that the testator did not dispose of the residue of his estate, and that as to the residue he died intestate. They argue that the testimony regarding the conferences at the time of making the will was inadmissible, and that the court did not have power to add the name of a beneficiary to the will. Paragraph ''Fourth'' of the will does not contain any words indicating that the testator was therein making a gift or a bequest of the residue or anything, and that paragraph (or any other part of the will) does not name anyone as beneficiary of the residue. The words of that paragraph do not constitute a complete statement or declaration. As above mentioned, the words therein are: ''Fourth, all the rest, residue and remainder of my estate, both personal and real and all factory stock owned by me in the DeMoulin Brothers Factory, located in Greenville, Illonois.'' That paragraph merely mentions or announces a subject or subject matter, but it contains no words with respect to what is to be done with or concerning the subject matter.

Section 105 of the Probate Code provides: ''When there is an imperfect description, or no person or property exactly answers the description, mistakes and omissions must be corrected, if the error appears from the context of the will or from extrinsic evidence, excluding the oral declarations of the testator as to his intentions; and when an uncertainty arises upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, excluding such oral declarations.'' An uncertainty arises upon the face of the will as to whom the testator intended to give the residue. The testator's intention, regarding the beneficiary of the residue, is to be ascertained from the words of the will, taking into view the circumstances under which the will was made, excluding oral declarations of the testator as to his intention. (Prob. Code, § 105; see *Estate of Blalock,* 95 Cal.App.2d 463, 468 [213 P.2d 100].) An exception to the rule that in construing a will the oral declarations of a testator are not admissible is that the oral declara-

tions of a testator that consist of instructions to a scrivener, regarding the testator's intention, are admissible to explain an imperfect description or an ambiguity appearing in the will. (See *Estate of Pierce*, 32 Cal.2d 265, 274 [196 P.2d 1].) In the will in the present case, however, there is not an imperfect description of a beneficiary of the residue or an ambiguity as to such a beneficiary, but there is no description at all of such a beneficiary or any word at all naming or indicating anyone as such a beneficiary. In this case there was a total failure to name or describe a beneficiary of the residue. The testimony of Mrs. Martin was not admissible since it·was not in explanation of an imperfect description or an ambiguity in the will as to a beneficiary of the residue. In the *Estate of Blake*, 157 Cal. 448, it was said at pages 458-459 [108 P. 287] : ". . . 'the purpose of construction as applied to wills is unquestionably to arrive if possible at the intention of the testator, but the intention to be sought for is not that which existed in the mind of the testator but that which is expressed in the language of the will.' It is not the business of the court to say, in examining the terms of a will, what the testator intended, but what is the meaning to be given to the language which he used." In the *Estate of Beldon*, 11 Cal.2d 108 [77 P.2d 1052], it was said at page 112 : "A court's inquiry in construing a will is limited to ascertaining what the testator meant by the language which was used. If he used language which results in intestacy, and there can be no doubt about the meaning of the language which was used, the court must hold that intestacy was intended." In that case it was also said at page 112 : "To say that because a will does not dispose of all of the testator's property it is ambiguous and must be construed so as to prevent intestacy, either total or partial, is to use a rule of construction as the reason for construction. But a will is never open to construction merely because it does not dispose of all of the testator's property. 'Courts are not permitted in order to avoid a conclusion of intestacy to adopt a construction based on conjecture as to what the testator may have intended although not expressed.' " It cannot be ascertained from the words of the will what disposition the testator intended to make of the residue. The testator died intestate as to the residue of his estate.

The order settling the final account is affirmed. The order for distribution is reversed, and the superior court is directed

to order distribution of the residue according to the laws of succession, that is, one-third each to the daughter, the son, and the surviving spouse.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied January 3, 1951, and respondent's petition for a hearing by the Supreme Court was denied February 15, 1951. Carter, J., and Schauer, J., voted for a hearing.