In the Matter of Estate of Magdalene Doerfler, Deceased. William J. Doerfler, Appellant, v. Springfield Marine Bank, Executor of Will of Magdalene Doerfler, Deceased et al., Appellees.

Gen. No. 9,839.

Opinion filed November 14, 1952. Released for publication December 10, 1952.

KEITH DRESSENDORFER, and LONDRIGAN & LONDRIGAN, all of Springfield, for appellant.

HUGH J. GRAHAM, JR., and EDWARD J. MURPHY, both of Springfield, for certain appellee.

GILLESPIE, BURKE & GILLESPIE, for certain appellee; EDMUND BURKE, of Springfield, of counsel.

LESLIE G. PEFFERLE, of Springfield, for certain other appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from an order of the circuit court of Sangamon county sustaining objections to the approval of a final account of the Springfield Marine Bank, executor of the will of Magdalene Doerfler, deceased. The executor's final report as filed in the probate court computed the distributive share of William J. Doerfler, appellant, as one-third of the gross estate less funeral expenses, debts of the decedent and estate income taxes. Certain residuary beneficiaries filed objections in the probate court to this report with the contention that debts of the estate included costs of administration and federal estate taxes, which should also be deducted before determining William's share under the will.

The probate court overruled the objection and approved the executor's report but on appeal the circuit court held contrary. The circuit court ordered the executor to restate its final account and to deduct costs of administration and federal estate taxes before dis-

348

tributing one-third to William J. Doerfler, the husband of the decedent.

The facts are not in dispute. The will, in clause First thereof, orders and directs the executor to pay all ''my just debts and funeral expenses.'' Clause Second provides ''after the payment of such funeral expenses and debts, I give, devise and bequeath to my husband, William J. Doerfler, a one-third part of my estate and property of whatsoever kind and wheresoever situated.''

The issue on this appeal is whether the executor may compute appellant's share of the estate after deducting the decedent's debts and funeral expenses, or if he must deduct expenses of the estate such as costs of administration and federal estate taxes as well. In other words do the words ''all my just debts and funeral expenses'' as used in clause First and the reference to some words in clause Second include all claims and expenses in connection with the settlement and distribution of the estate?

It is suggested by the appellees that section 10 of the Illinois Dower Act, which provides an interest for a surviving spouse ''after the payment of all debts,'' has been uniformly construed by our courts to include in the word ''debts'' costs of administration and taxes as well as those obligations incurred by the testator during his lifetime. Many cases to this effect are cited. (*Laurence v. Balch,* 195 Ill. 626; *Zakroczymski v. Zakroczymski,* 303 Ill. 264; *Mayer v. Reinecke,* 130 F. (2d) 350.)

██ The Dower Act is not involved in this case and the situations are not analogous. In construing the word ''debts'' as used in the statute the courts were not called upon to consider a document drawn by a person in his lifetime and reading ''my just debts and funeral expenses.'' As is contended by the appellant the reference to funeral expenses seems to imply that

all of the debts of the testator (those contracted for during his lifetime) be paid, and in addition such additional expense as will be incurred by his estate by virtue of his death to the extent of the cost of his funeral. Her failure to include a reference to costs of administration and taxes as she did funeral expenses strongly implies that she did not want them included.

In re *Owens Estate,* 62 Cal. App. (2d) 772, 145 P. (2d) 376, a more comparable case was encountered. In the *Owens* case the testator left one-third of her "moneys left—after debts of testatrix are paid" and the court held the phrase "after my debts are paid" to be synonomous with "debts which I owe," and therefore did not include such expenses of the estate as funeral expenses and costs of administration. The court said at page 377:

"The ordinary and grammatical meaning of 'my debts' is clear. The expression is equivalent to 'debts which I owe' and only by a strained interpretation could it be extended to include liabilities of the estate arising after the testatrix' death."

The appellees were apprised of the *Owens* case and offered no decision to the contrary. Our search has revealed no contrary holding.

 Appellee contends the testator having nominated a corporate executor must have done so knowing that charges would be incurred for such services and therefore this obligation was a debt incurred during her lifetime, though not accrued until after her death. This contention is not sound. The nomination of an executor in a will creates no obligation until the death of the testator and the appointment by the court. Certainly it could not be contended that the corporate executor had any rights until that time. It could have enforced no right during her lifetime.

 The words employed are of common acceptance and use; and they have a plain and understandable meaning. Under such conditions there is no occasion

to surmise she did not mean to use the words in their usual and customary meaning. The order of the circuit court directing a restatement of the final account is reversed and the cause remanded with directions to approve the final report as filed.

*Reversed and remanded.*