Lillian L. Molner, Individually and as Executor and Trustee Under Will of Herman Molner, Deceased, Appellant, v. David Silbert, as Executor and Trustee Under Will of Herman Molner, Deceased; Arthur Reinhold, Individually and as Executor and Trustee Under Will of Herman Molner, Deceased; Belle M. Cohn et al., Appellees.

Gen. No. 46,665.

First District, First Division.

January 9, 1956.

Rehearing denied January 30, 1956.

Released for publication February 27, 1956.

Barnard and Barnard, of Chicago, for appellant; Morton John Barnard, of Chicago, of counsel.

David Silbert, of Chicago, for Arthur Reinhold, and David Silbert, Executors and Trustees, appellees; David Freed, of Chicago, for Marilyn Molner Mittelman, and Belle M. Cohn, appellees; D'Ancona, Pflaum, Wyatt & Riskind, of Chicago, for Sylvia Leeser, appellee; David Silbert, and Norman M. Mertes, both of Chicago, of counsel.

JUDGE BURKE delivered the opinion of the court. Herman Molner of Chicago made his last will on October 30, 1950, and died July 28, 1951, survived by his

widow, Lillian L. Molner, his daughter by a previous marriage, Belle M. Cohn, and seven grandchildren by previous marriages. The will was admitted to probate in the Probate Court of Cook County. The widow and two others are the executors. He left a gross estate of approximately $800,000 consisting of (a) goods and chattels of less than $2,000 distributable to the widow, (b) real and personal estate passing under the will amounting to approximately $747,000, (c) insurance of $51,000 of which $1,000 was payable to the widow, $25,000 to his daughter Belle and $12,500 to two of his grandchildren, and (d) property held in joint tenancy between testator and his wife amounting to less than $3,000. Debts of the decedent amounted to approximately $2,600, funeral expenses about $3,300, executors' and attorneys' fees $50,000, other expenses of administration $200 and the surviving spouse's award $25,000. The widow, individually and as executrix and trustee under the will, filed a complaint to construe the will on the ground that the will is ambiguous. Subsequently she filed an amendment to the complaint. Certain defendants were defaulted. The other defendants moved to dismiss the complaint as amended on the ground that the will is not ambiguous. The matter was heard on argument of counsel without the introduction of evidence. The court sustained the motions of defendants to dismiss the complaint on the ground that the will is not ambiguous and does not require construction. Plaintiff elected to stand by her complaint as amended and the court dismissed the complaint. Plaintiff, appealing, asks that the decree be reversed and that the cause be remanded with directions to enter a decree construing the will according to her contentions.

By Article First the testator directed that "all my just debts and funeral expenses be fully paid." Under Article Second he gave to plaintiff all of his goods and chattels. By Article Third he gave to three trustees "one-third of all the rest, residue and remainder of my

390

estate, of every kind, nature and description whatsoever, real, personal and mixed, of which I shall die seized or possessed, of which I may own, or to which I may be entitled at the time of my death, and wheresoever situated." This bequest was designated as Trust Fund A. Article Fourth provided that "all the rest, residue and remainder of my estate, of every kind, nature and description whatsoever, real, personal and mixed, of which I shall die seized or possessed, or which I may own, or to which I may be entitled at the time of my death, and wheresoever situated" be given to the same trustees. It was designated as the "trust estate" and will be so referred to herein. Under Article Fourth the trust estate was directed to be disposed of as follows: (a) Bequests of $1,000 to $5,000 each were given to twelve named individuals. After payment in full of these bequests and when there is money available for that purpose, testator directed that a total of $63,000 be distributed among seven designated charities. (b) The trustees were then directed to pay to testator's daughter, Belle, so long as she lives, the sum of $12,000 per year, payable first from the income of the trust estate and then from the principal thereof. The trustees were permitted to defer such payments to her if they found it necessary in order to make payment of taxes or other obligations upon the estate or incurred by the trustees to pay any such obligations. After payment in full of the bequests under paragraphs (a) and (b) and subject to the payments required to be made by paragraph (c) and when all obligations against the trust estate have been paid or provided for, the trustees were directed to divide "all the rest, residue and remainder of the trust estate devised by this Article Fourth and any accumulated income therefrom not used for the payment of said bequests" into seven separate trusts for the benefit of the seven grandchildren of testator.

 Plaintiff argues that it was the intention of the testator that the bequests to the trustees of Trust Fund A under Article Third be one-third of the estate before deducting expenses of administration and surviving spouse's award. Defendants assert that there is no ambiguity in the will requiring construction as to the allocation of administration expenses and surviving spouse's award and that the phrase "rest, residue and remainder" means that part of the estate remaining after payment of administration expenses and surviving spouse's award. The purpose of construing a will is to ascertain the intention of the testator. It is a cardinal rule to be followed in the construction of wills that the intention of the testator shall be ascertained and given effect if that can be done without violating some rule of law or public policy, and if possible, all of the language used by the testator must be given effect. The entire will must be considered and the testator's intention ascertained from a consideration of all the language used in whatever portion of the will the language may be found. No technical rule of construction should be permitted to interfere with ascertaining the testator's real intention. The law does not limit the testator to a single sentence in expressing his intention in regard to the disposition of his estate or any part of it. See Boldenweck v. City Nat. Bank & Trust Co. of Chicago, 343 Ill. App. 569, 579.

 The first article of the Molner will directed that "all my just debts and funeral expenses be fully paid." The parties agree that the words "my just debts" mean debts owing at the time of the death of the decedent and do not include expenses of administration or federal estate taxes, since they are obligations of the estate incurred after the death of the decedent. Plaintiff relies heavily on the case on In re Estate of Doerfler, 348 Ill. App. 347. In that case the first article of the will ordered the executor to pay all his just debts and funeral expenses. The second article directed that after the

payment of the funeral expenses and debts "I give, devise and bequeath to my husband, William J. Doerfler, a one-third part of my estate and property of whatsoever kind and wheresoever situated." Articles Third to Eighth gave general legacies of specific amounts to certain persons and charities. The Ninth Article provided: "All the rest, residue and remainder of my estate and property I give, devise and bequeath one-half to my daughter . . . and the other half to my sister . . . and her daughter. . . ." The issue was whether the husband's share was to be computed as one-third of the estate after deducting debts owing at the time of decedent's death and funeral expenses, but before deducting expenses of administration and federal estate taxes, or whether the husband's share was one-third of the estate after their deduction. The court decided that the words "my just debts" means debts owing at the time of decedent's death and do not include expenses of administration or federal estate taxes, since they are obligations of the estate which are incurred after the death of the decedent. The opinion in the Doerfler case cited and followed the holding of the California court in In re Owens' Estate, 62 Cal.App.2d 772, 145 P.2d 376. The award of the surviving spouse is not a debt of the decedent existing at his death but is a charge against the estate by virtue of statutory provisions. Defendants do not dispute the statement that the word "debts" as used in the Doerfler and Molner wills means debts owed by the decedent at the time of his death, but insist that this is not controlling in a comparison of the two wills because there is a clear and significant distinction in the language used in each will in creating the bequest to the surviving spouse. Defendants point out that the Doerfler will makes a bequest of a "one-third part of my estate" and after several additional specific bequests it terminates with the residuary clause of "all the rest, residue and remainder" and that the bequest of a "one-third

393

part of my estate" is not in the least comparable to a bequest of "one-third of the rest, residue and remainder." They argue further that "one-third part of my estate" although uncertain in amount, can be determined before payment of the other bequests and other obligations of the estate, whereas the provision for the benefit of the plaintiff of "one-third of all the rest, residue and remainder of my estate" is a bequest of an uncertain quantity and the "one-third" cannot be determined until the residue is determined, which can only be done after all debts, charges and obligations of the estate have been paid.

Defendants say that the phrase "rest, residue and remainder" means that part of the estate remaining after payment of the administration expenses and the surviving spouse's award and cite Retzinger v. Retzinger, 239 Ill. App. 127 (reversed on other grounds in 331 Ill. 102), wherein the court, quoting from 40 Cyc. p. 1570, said (133):

"The words 'rest and residue,' in the absence of language showing a contrary intention, mean the estate remaining after the payment of charges, debts, and particular legacies, including the payment of any statutory allowance fixed by the court for the temporary maintenance of the widow and received by her for that purpose."

Defendants assert that under the will and the applicable cases, the expense of administration and surviving spouse's award must be paid before the executors can determine the residuary estate available for distribution for Trust Fund A and the trust estate.

The parties discuss paragraph (f) of Article Fourth directing "the payment out of principal of my trust estate, devised under this Article Fourth and to be treated as expenses of administration, chargeable against my said trust estate, Illinois inheritance taxes that may be assessed by reason of my death on account

of the bequests and devises made under this Article Fourth of my will, and all federal estate taxes upon my entire estate, and I hereby waive on behalf of my estate, any right to recover from any person, any part of such taxes so paid." Defendants say that under the doctrine of *expressio unius est exclusio alterius* the use of only the words "inheritance taxes" and "Federal Estate Taxes" without mentioning any other expenses of administration or other obligations normally a charge against the corpus of the estate, clearly shows an intention to exclude all other obligations from being an entire charge against Article Fourth and to limit the trust estate's burden to its proportionate share thereof. Defendants state that the testator could have bequeathed all of his estate to his wife had he wished to do so, that by making bequests for the benefit of his grandchildren he was satisfying his personal wish and that in the absence of any expressed intention to the contrary, his wish was that deductions for expenses of administration and surviving spouse's award should be made proportionately from both the share for the benefit of his wife and the share for the benefit of his grandchildren.

■ We are of the opinion that the reasoning in the Doerfler case supports the contention of plaintiff. Had the testator intended that Trust Fund A should be determined as one-third of his estate *after* satisfaction of expenses of administration and surviving spouse's award, he could have done so by providing in the First Article that all his just debts, funeral expenses, *expenses of administration and surviving spouse's award* be fully paid, or by providing in the Third Article that after payment of all debts, funeral bills, expenses of administration and surviving spouse's award, one-third of all the rest, residue and remainder be given to the trustees of Trust Fund A, or by making a specific provision in some part of the will that the expenses of administration and surviving spouse's award be

charged ratably against the assets bequeathed in Articles Third and Fourth. The language of the First Article shows an intent that neither expenses of administration nor surviving spouse's award be included before creating Trust Fund A in the Third Article.

We think that the words "to be treated as expenses of administration" in paragraph (f) of Article Fourth supports the position of plaintiff that the testator contemplated payment of the expenses of administration and surviving spouse's award out of the assets devised in Article Fourth and not before setting aside the corpus of Trust Fund A. There is nothing in the will that says that Trust Fund A is to consist of one-third and that the trust estate under Article Fourth is to consist of "the other two-thirds" of the residuary estate. We find that the Third Article in giving one-third of all the rest, residue and remainder of the estate to the trustees of Trust Fund A means one-third of the estate after satisfying Articles First and Second. When Article Fourth gives all the rest, residue and remainder of the estate to the trustees of the trust estate it means all that remains after satisfying the provisions of the first three articles.

The will discloses a primary intention to provide for testator's wife and that all other bequests be secondary thereto. It will be observed that the quotation from the Retzinger case defining the words "rest, residue and remainder" is applicable "in the absence of language showing a contrary intention." The Molner will indicates an intention that under the remainder clause of Article Fourth everything remaining after satisfying the preceding three articles be distributed to the trustees under Article Fourth. Article Third is not a residuary bequest. The true residuary bequest is in Article Fourth. The legal effect of the language of Article Third of the Molner will and of the Second Article of the Doerfler will, in the light of the other provisions of each will, is identical.

396

For the reasons stated the decree of the Superior Court is reversed and the cause is remanded with directions to enter a decree construing the will in accordance with the contentions of the plaintiff and granting her the other relief sought with respect to costs and fees.

Decree reversed and cause remanded with directions.

FRIEND, P. J. and NIEMEYER, J., concur.