[Civ. No. 25005.   Second Dist., Div. Two.   Apr. 26, 1961.]

Estate of AEO J. McDONALD, Deceased.   REBECCA JO TURNER, Appellant, v. SAMUEL H. WESTFALL, Respondent.

John F. Bremer for Appellant.

Cayer & Hegner for Respondent.

ASHBURN, J.—This is an appeal by Rebecca Jo Turner, one of the daughters of the decedent, Aeo J. McDonald, from a decree of distribution made after her objections thereto were overruled.

Decedent was the owner of Lot 28 of Tract 2794 as per map recorded in book 28, page 6 of Maps in the Office of the County Recorder of Los Angeles County, California. By her will she bequeathed and devised this lot to her three daughters, her sole heirs, as follows:

"a. To MERIDITH J. WESTFALL . . . that property on which is presently located McDonald's Cleaners on Century Boulevard in Lynwood, California, and described as: The East 34-½ feet of Lot 28. . . ."

"b. To DIXIE LEE SWEARINGIN . . . that property on which is presently located a brake shop on Century Boulevard in Lynwood, California, and described as: The West 40 feet of Lot 28. . . ."

"c. To REBECCA JO TURNER . . . that property on which there is now located a liquor store on Century Boulevard, in Lynwood, California, and described as: Beginning 40 feet East of the West property line and extending 31-½ feet in a Easterly direction along the North property line, to a point 34-½ [feet] West of the East property line and extending South the full width of said 31-½ feet to the South property line of Lot 28. . . ."

According to these descriptions, without reference to the buildings, Lot 28 was thus divided into three adjoining rectangular lots, with parallel sides of equal length, the west portion being 40 feet in width, the middle portion 31½ feet wide, and the east portion 34½ feet in width. (See Appendices to Briefs.)

In the petition for distribution it is asserted that it was necessary to survey said property "in order that a proper and more accurate legal description to said real property could be given for record purposes" and that such a survey was made by a registered engineer. The petition then describes each portion of Lot 28 by a more particular metes and bounds description. No question is raised as to the description of the west portion devised to Swearingin; it is 40 feet in width and runs the full length of the lot. The dispute arises over the boundary line between the Westfall and Turner parcels. This boundary line as defined in the decree of distribution runs parallel to the east and west lines of the lot for a distance of 88.50 feet from its north boundary line on Century Boulevard.

It then runs west for 6 feet, south for 30.9 feet; then east 6 feet and south 51.29 feet to the southerly line of Lot 28. In other words, the middle lot of objector Turner, instead of being 31½ feet in width for the full length of Lot 28, has near the center thereof a rectangular indentation (hereinafter referred to as "indenting parcel") which is 6 feet wide and 30.9 feet long. The area within this indentation, according to the description in the petition for distribution and in the decree, is a part of the east parcel devised to Westfall.

Rebecca Jo Turner filed her objections, claiming that the description in the petition was not in accordance with the will which, it is claimed, devised adjacent rectangular lots, whereas the petition sets forth a description "wherein the East most lot has a rectangular section of land added to it that is 6 feet wide and 30.90 feet long, which land has been subtracted" from the middle lot of objector. The trial court, after receiving evidence, overruled the objections and made its decree in accordance with the petition.

Appellant claims that there is no uncertainty on the face of the will; that there is no latent ambiguity; and that it was error to admit in evidence oral declarations of the testatrix.

It is true that there is no uncertainty on the face of the will. However, by extrinsic evidence it was shown that a 27.4-foot by 3-foot[1] portion of the building of McDonald's Cleaners jutted into the lot on which the liquor store was situated as described in the will. Appellant admits that extrinsic evidence is admissible to disclose this situation. (See *Paley* v. *Superior Court*, 137 Cal.App.2d 450, 457 [290 P.2d 617].) However, it is contended that it discloses no ambiguity; that the descriptive phrases as to the uses of the property are simply general statements, not intended as descriptions of the property, but for identification only, and that they cannot qualify the descriptions of the respective parcels which are clear and concise and completely consistent. Obviously this is not correct. The will says, "extending south the full width of said 31-½ feet to the south property line," but the survey disclosed that the north-south line is not continuous and as established on the ground does not leave for Turner a parcel of continuous width of 31½ feet—a definite conflict. Appellant concedes that the phrase "the property on which there is pres-

---

[1] Although the extension of the building is 27.4′ x 3′, the surveyor in setting the boundary line made the indentation 30.9′ x 6′, apparently under the impression that the law required a setback. No point is made of this in appellant's brief but counsel have agreed that, should respondent otherwise prevail, the decree may be modified to conform to the fact.

ently located McDonald Cleaners" is "inconsistent" and "completely out of harmony" with the description which follows in the will. Her position is that there is no ambiguity because the metes and bounds description of the will is more indicative of testatrix' intent than is the reference to the use, and that the former is controlling. What appellant fails to recognize is that the will, read as a whole and in the light of the physical facts to which it must be applied, contains a latent ambiguity. Also, inherent in her argument is the theory that the court's construction is not the most reasonable one.

Probate Code, section 105: "When there is an imperfect description, or no person or property exactly answers the description, mistakes and omissions must be corrected, if the error appears from the context of the will *or from extrinsic evidence,* excluding the oral declarations of the testator as to his intentions . . . ." (Emphasis added.)

In the instant case the extrinsic evidence disclosed an "imperfect description." The "property on which there is presently located McDonald's Cleaners" extended beyond the parcel as otherwise described in the devise. The will is consequently capable of two interpretations. The ambiguity arose out of the following facts as appears from the affidavit of attorney Cayer, which was received as evidence.

Mrs. McDonald employed him to prepare a will for her. "That the testatrix advised your affiant that she wished to give to Rebecca Jo Turner that portion of lot 28 on which was located a liquor store; that she wished to give to Meridith J. Westwall that portion of lot 28 on which was located McDonald's Cleaners; and that she wished to give to Dixie Lee Swearingin that portion of lot 28 on which was located the brake shop. . . . That your affiant subsequently contacted the testatrix and suggested that the width of each property facing on Century Boulevard be measured and that said width be incorporated into the will. That thereafter affiant was advised of the frontal width of each property devised in testatrix' will, and that at no time prior to testatrix' death was affiant informed of the three foot by 30.90 indentation which is now in dispute. . . . Subsequently testatrix executed her last will and testament on file herein and at that time reiterated the fact that she wished the McDonald Cleaner property to go to Meridith J. Westfall, and that the liquor store property go to Rebecca Jo Turner and the brake shop property go to Dixie Lee Swearingin, and on that day testatrix executed said will herein on file. That the testatrix never

indicated to your affiant that she wished that a three foot by 30.90 portion of the McDonald's Cleaners building be demolished." In addressing the lower court Mr. Cayer said: "She referred to the property as the 'Cleaner's property,' the 'liquor store property' and the 'brake shop property.' I proceeded on the assumption that there wasn't any indentation and I was never apprised of any such indentation. I am sure that counsel can appreciate if I'd have known there was an indentation, I certainly would have said so in any description." Testifying orally he also said: "My recollection is that she always stressed the property. She described each portion of the estate bequeathed to her daughters as 'the cleaners property' to one, the 'liquor store' to another, the 'brake shop' to another."

The phrase of section 105, Probate Code, "excluding the oral declarations of the testator as to his intentions" does not apply to instructions given to the scrivener. (*Estate of Pierce*, 32 Cal.2d 265, 274 [196 P.2d 1]; *Estate of Resler*, 43 Cal.2d 726, 734-735 [278 P.2d 1]; *Estate of De Moulin*, 101 Cal.App.2d 221, 224-225 [225 P.2d 303]; 53 Cal.Jur.2d § 430, p. 710.)

*Estate of Greenwald*, 19 Cal.App.2d 291, 296 [65 P.2d 70]: "It is well settled that it is a testator who makes his will, and, when the will is clearly expressed and free from ambiguity and uncertainty it must be held to speak the intention of its maker. The courts cannot rewrite it nor by interpretation can they change the expressed intention of the testator. While this rule is firmly established, cases arise where a will, clear on its face, may present difficulties of interpretation usually developed during the process of administration. Such cases ordinarily present uncertainties as to a beneficiary or of the property bequeathed and are classified as latent ambiguities. 'It is settled doctrine that as a latent ambiguity is only disclosed by extrinsic evidence, it may be removed by extrinsic evidence.' [Citations.]" To same effect see *Estate of Dominici*, 151 Cal. 181, 184 [90 P. 448]; *Taylor* v. *McCowen*, 154 Cal. 798, 802 [99 P. 351]; *Estate of Donnellan*, 164 Cal. 14, 17 [127 P. 166]; *Estate of Torregano*, 54 Cal.2d 234, 246 [5 Cal.Rptr. 137, 352 P.2d 505]; *Estate of Nunes*, 123 Cal.App.2d 150, 155 [266 P.2d 574].

As stated in *Estate of Hotaling*, 72 Cal.App.2d 848, 857 [165 P.2d 681]: "Extrinsic evidence is admissible in order to determine what the testator meant by what he said and to identify the property which is the subject of the devise."

The evidence received for this purpose was the testimony of the scrivener of the will. This testimony consisted principally of his conversations with decedent and her instructions concerning the preparation of the will. Also, the information which was the basis for the descriptions prepared by him, and the indication that neither he nor decedent at the time knew of the indentation of the dry cleaning building. Appellant's contention is that the oral declarations of the testatrix are inadmissible for any purpose. ■ It appears to be well established that, although oral declarations of a testator as to his testamentary plans and intentions are inadmissible to explain a patent ambiguity (*Estate of Jones,* 55 Cal.2d 531, 538-539 [11 Cal.Rptr. 574, 360 P.2d 70]), such evidence is admissible as an aid to the resolution of a latent ambiguity, such as here appears. (*Estate of Greenwald,* 19 Cal.App.2d 291, 297 [65 P.2d 70]; *Estate of Cooper,* 107 Cal.App.2d 592, 596 [237 P.2d 699]; *Estate of Hotaling, supra,* 72 Cal.App.2d 848, 857; *Estate of Resler, supra,* 43 Cal.2d 726, 735; *Estate of Dominici, supra,* 151 Cal. 181, 185.)

■ "... [T]he rule is well settled that where, as here, extrinsic evidence is admissible on the issue of intent, the interpretation is at least partially a question of fact and the trial court's interpretation will not be disturbed unless shown to be unreasonable—i.e., is unsupported." (*Estate of Hotaling, supra,* p. 853.) ■ "When the construction given an instrument by a trial court appears to be reasonable and consistent with the intent of a party, appellate courts will not substitute another interpretation though it seems equally tenable. [Citation.] ■ In the event that a will may appear ambiguous, and evidence is admitted in order to arrive at the testator's intention, inferences and conclusions drawn by the trial court from all of the evidence, and findings made therefrom, have the same weight as the findings of fact made by the trial court in other actions, and such inferences and findings will not be disturbed unless contrary to the inference a reasonable mind might properly draw from the evidence. [Citation.] Such a determination will not be disturbed on appeal unless clearly erroneous. [Citation.]" (*Estate of Boyd,* 24 Cal.App.2d 287, 290 [74 P.2d 1049].)

■ The evidence at bar supports the trial court's determination, which is a reasonable one. This was not a rewriting of the will, as contended by appellant. (See *Estate of Donnellan, supra,* 164 Cal. 14, 21.)

Counsel having agreed to restatement of the description of the Rebecca Jo Turner parcel, the decree of distribution herein is affirmed in all respects except the description of the east line of said Turner parcel, and the cause is remanded to the lower court with instructions to amend said decree by so describing the east line of the Turner parcel as to reduce the size of the indenting parcel from 6 feet by 30.9 feet to 3 feet by 27.4 feet. Respondent to recover costs.

Fox, P. J., concurred.