*In re* ESTATE OF HATTIE PHILLIPS, Deceased—(WILLIAM I. HYNDS, Exr. *et al.*, Plaintiff-Appellees, *v.* JENNIE QUIGLEY, Defendant-Appellant.)

(No. 71-19; ▮▮▮▮▮▮▮▮▮)

Third District—November 17, 1971.

Root and Adcock, of Morris, for appellant.

Hynds & Hynds and Dunn & Hayes, both of Morris, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

A complaint for a declaratory judgment was filed by the executor of the will of Hattie Phillips, deceased, asking for a determination as to whether federal estate tax and costs of administration were payable from the decedent's residuary estate or were to be apportioned among the various beneficiaries under her will.

The decedent died March 15, 1969, a resident of Grundy County, Illinois, leaving a will dated July 23, 1964, and a codicil dated July 1, 1965. The will directed that all debts and funeral expenses be paid by the executor. It did not specifically mention death taxes or administration expenses, nor indicate the source of their payment. The will then made certain relatively small bequests, devised certain real estate to Leonard Phillips, her stepson, and gave the residue to Jennie Quigley, her sister. The real estate devised to the stepson was appraised at $235,200.00. The value of the residuary estate given the sister was approximately $95,000.00. The federal estate tax return showed a tax due of $58,746.15.

The trial court held that the federal estate tax and costs of administration were payable from the residuary gift to the sister. She has appealed.

The appellant contends that the lower court should have adopted a rule of equitable contribution, and should have charged every beneficiary with a proportionate share of the federal estate tax; that the various Illinois cases supporting a contrary rule proceeded from an early case in which a mistaken interpretation was given to a federal case; that all subsequent statements of the Illinois courts that a decedent's residuary estate is burdened with the federal estate tax, absent a contrary direction in his will, can be classed as dicta; that in some situations involving non-probate assets, Illinois courts have required contribution; that in a number of other states the principle of equitable contribution has been adopted by legislation or by judicial decision; that the rule of equitable contribution is a more enlightened rule; that the decedent in this case would not have wanted her own sister's share to be charged with payment of the entire estate tax and the stepson's share to be free of the tax, the sister being her closest heir; that the 1965 amendment of Section 207 of the Probate Act indicates a legislative intent with respect to spreading the burden of the federal estate tax; and that it is for the courts to change an inequitable rule where they created the rule originally.

The executor and the stepson, appellees, take the position that it is a well established rule in Illinois, whether based on dictum or not, that the burden of debts, administration expenses, and federal estate tax falls on the residuary estate in the absence of an expression of an intent to the contrary in the decedent's will; that the legislation directed toward abolishing the distinction between personal and real property does not by implication require apportionment of federal estate tax; that if the courts were now to change the Illinois rule, many existing wills would require redrafting; that any such change should be made by the legislature, which could address itself to the various problems which would need consideration; that decisions in Illinois and in other jurisdictions which deal with apportionment between probate and non-probate assets are not pertinent; that a settled rule should not be changed unless seriously detrimental to public interests; and that in the present case the stepson was a mutually acknowledged child who had been raised by the decedent from the time he was a small boy, he was therefore a natural object of the decedent's bounty, and she might very well have wanted the real estate devised to him to be exonerated from estate tax and administration expenses.

■■ We believe that it is clearly the rule in Illinois that the burden of federal estate tax and administration expenses falls on a decedent's residuary estate if his will does not provide otherwise. Whether this rule originated through a misunderstanding of federal law and was perpetuated through dicta alone need not detract from its validity as a rule of law. We believe that this rule has been assumed for many years to be the law by members of the legal profession in this State, and that countless wills have been drafted on this assumption. See, for example, *People v. Pasfield* (1918), 284 Ill. 450; *First Nat. Bank of Chicago v. Hart* (1943), 383 Ill. 489; *Lawless v. Lawless* (1958), 17 Ill.App.2d 481; *Jinnette v. Guest* (1962), 35 Ill.App.2d 434; 42 Am.Jur.2d, Inheritance, Estate, and Gift Taxes, sec. 344; 1970 Illinois Inheritance Tax Manual, issued by William J. Scott, Attorney General, at page 42; Flynn, "Estate Tax Apportionment and the Marital Share in Illinois—A Modest Proposal" (1970), 58 Ill. Bar Journal 996.

■■ In many other states, provision is made by statute for apportionment of estate taxes in the absence of specific testamentary direction to the contrary. (Commerce Clearing House, Inc., Federal Estate and Gift Tax Reporter, par. 2490.16.) A statute on the subject could deal at one time with the many problems involved. See *Flynn, supra.* The legislature could also specify an effective date for a change with such widespread effects as an apportionment statute might have on wills now in existence. We do not think that the Illinois legislature has indicated any

intent with respect to apportionment of federal estate taxes by its amendment of Section 207 of the Probate Act. If a change is to be made in what we regard as a well established rule in this State on allocation of the burden of estate taxes, we believe it is for the legislature, and not for the courts, to do so.

■■ In this case we assume that the decedent's will was prepared by one who was aware of the Illinois rule placing the burden of the federal estate tax on the residuary estate unless the testator provides otherwise. The relationship of the various beneficiaries to the decedent does not necessarily indicate that she had a contrary intent; her first concern might have been for the stepson she had raised as a member of her own family. The argument for equitable apportionment appears to have little weight here, where there are no trust assets or jointly owned assets which do not form a part of the probate estate but increase the total amount of estate tax due. It seems to us more important to have rules of construction remain stable and certain, so far as possible, in order that wills do not have to be redrafted from time to time to accomplish their purposes. A rule of construction which prefers specific over general bequests and devises in the allocation of the burden of debts and taxes, which in substance is the residue rule which Illinois courts have long followed, is not manifestly unfair or a great distance apart from what a decedent's desires might ordinarily be assumed to be if the matter had been given full and adequate consideration. We therefore believe the trial court was entirely correct in following the established rule in this case and requiring payment of federal estate tax and administration expenses from the residuary estate.

Accordingly the judgment is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.