*In re* ESTATE OF FLORA ETHEL MADDUX, Deceased.—(ST. JOSEPH'S CLINTON COUNTY HOSPITAL, INC., *et al.*, Petitioners-Appellants, *v.* ANDREW KAMPWERTH, Ex'r of the Estate of Flora Ethel Maddux, *et al.*, Respondents-Appellees.)

Fifth District    No. 80-250

Opinion filed February 24, 1981.

William W. Warren and Kenneth E. Mehochko, both of Carlyle, for appellant St. Joseph's Clinton County Hospital.

Bruegge & Becker, of Breese (Robert T. Bruegge, of counsel), for appellant The First United Methodist Church of Carlyle.

Bernard G. Heiligenstein, of Carlyle, and Charles E. Holt, of Centralia, for appellee Andrew Kampwerth.

Mr. JUSTICE KARNS delivered the opinion of the court:

The Circuit Court of Clinton County denied apportionment of Federal estate taxes, executor's fees, and attorney fees among the devisees and legatees of the estate of the testatrix, Flora Ethel Maddux. The court ruled that the residuary estate should bear the burden of the estate taxes and fees without apportionment. Two residuary legatees, St. Joseph's Clinton County Hospital Inc. (St. Joseph's) and The First United Methodist Church of Carlyle (First United Methodist), appeal.

The testatrix executed her will on September 24, 1971, making 10

specific devises and bequests. The will did not contain a residuary clause until a codicil was executed on September 16, 1975. The codicil provided that the residuary estate was to be shared by seven legatees including appellants herein. A second codicil was executed May 25, 1976, which changed the executor of testatrix' estate and a trustee of a trust established in her original will.

Flora Maddux died on March 1, 1977, and her will and two codicils were admitted to probate in the Circuit Court of Clinton County. The final report of the executor shows a gross estate of $1,844,707.73. The expenses of administering the estate amounted to $504,035.44, including $423,163.27 in Federal estate taxes, $34,903 in executor's fees and $34,903 in attorney's fees. The expenses were paid from the residuary estate, exhausting it, leaving a cash deficiency of $36,671 which was apportioned among the devisees and legatees named in the original will. The total value of property distributed amounted to $1,340,672.29.

■■ The allocation of the burden of Federal estate taxes on an estate administered in Illinois is controlled by Illinois law. (*Riggs.v. Del Drago* (1942), 317 U.S. 95, 87 L. Ed. 106, 63 S. Ct. 109.) St. Joseph's and First United Methodist contend that the law of Illinois has recently been changed by several cases, relying primarily on *Roe v. Estate of Farrell* (1978), 69 Ill. 2d 525, 372 N.E.2d 662, *In re Estate of Comstock* (1979), 78 Ill. App. 3d 933, 397 N.E.2d 1240, and *In re Estate of Gowling* (1979), 77 Ill. App. 3d 548, 396 N.E.2d 82. It is asserted that Illinois law now allows Federal estate taxes to be apportioned so that every beneficiary is charged with a proportionate share of the estate tax.

The current rule of apportionment was clarified by the supreme court in *In re Estate of Gowling* (1980), 82 Ill. 2d 15, 411 N.E.2d 266. *Gowling* decided two issues, whether estate taxes should be apportioned between probate and nonprobate assets, that is, assets transferred other than by will or intestacy, such as property held in joint tenancy, and whether a wife's share of the estate which qualified for the marital deduction should be liable for estate taxes. The court decided, consistent with *Roe*, that both probate and nonprobate assets should be subject to Federal estate taxes because both types of assets generated estate tax liability. However, decedent's wife's share which qualified for the marital deduction was exempted from any estate tax because her share did not generate any tax liability.

■■ In reviewing the supreme court's decision in *Gowling*, which affirmed the appellate court's decision, we are convinced that this is not an appropriate case for the apportionment of Federal estate taxes. Where a will is silent as to the payment of taxes or other debts, Illinois case law requires that payment first be made from the residuary estate. (*In re Estate of Phillips* (1971), 1 Ill. App. 3d 813, 275 N.E.2d 685; *In re Estate of*

*Fairchild* (1974), 21 Ill. App. 3d 459, 315 N.E.2d 658.) Neither *Gowling* nor any other case cited by the appellants has purported to apply a different rule to testate estates.

*Gowling* implicitly approves the rule that the burden of Federal estate taxes falls on the residue. The Fourth District concluded in *Gowling* that "* * * two distinct rules concerning the burden of estate tax liability may be concurrently applied with respect to a testate estate. As between the various probate assets distributed by a testator, Illinois follows the rule enunciated in *Phillips* and *Fairchild*, i.e., the burden of Federal estate taxes falls on the residuary assets. [Citations.] However, to the extent nonprobate assets exist which generate estate tax liability contribution may be sought on a proportionate basis." (77 Ill. App. 3d 548, 553, 396 N.E.2d 82, 86.) The supreme court did not repudiate or modify the reasoning of the Fourth District on this point and specifically affirmed the appellate court's direction that "[t]he proportionate share of tax attributable to the probate assets of the estate * * * shall be borne to the extent possible by the residue * * *." 77 Ill. App. 3d 548, 554, 396 N.E.2d 82, 86.

First United Methodist and St. Joseph's claim apportionment is proper because any gift made to it would be deductible as a gift to charity. (26 U.S.C. §2055 (1979).) They argue that a bequest should not be subject to the estate tax when it does not generate any tax liability. We note that the supreme court has recently decided a case dealing with the apportionment of estate taxes which rejected appellants' argument, but in a slightly different context. In *In re Estate of Grant* (1980), 83 Ill. 2d 379, 415 N.E.2d 416, the court concluded that a spouse's elective share (Ill. Rev. Stat. 1977, ch. 110½, par. 2—8) which qualified for the marital deduction was subject to the Federal estate tax even though it did not generate tax liability. The court based its decision on section 2—8(a) of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 2—8(a)). In deciding *Grant* the court expressly disapproved of *In re Estate of Comstock* (1979), 78 Ill. App. 3d 933, 397 N.E.2d 1240, relied on by the appellants.

■■ Unlike *Grant*, there is no applicable statute in this case which directs how estate taxes are to be paid. Thus, we are required to determine whether estate taxes should be apportioned where there is no applicable statutory provision and the decedent's will contains no direction as to manner of payment.

Illinois courts have consistently applied the burden on the residue rule. (*Moody Bible Institute v. Pettibone* (1937), 289 Ill. App. 69, 6 N.E.2d 676; *In re McCallen's Estate* (1957), 13 Ill. App. 2d 413, 141 N.E.2d 883.) In view of this long-standing precedent, we do not believe that it would be appropriate to substitute a new rule in the absence of direction by our supreme court or legislative direction.

St. Joseph's argues that we should look to the intent of the testatrix in

determining where to place the burden of Federal estate taxes. The contention that the testatrix could not have anticipated the tax consequences on her estate is not persuasive. The burden on the residue rule is an established part of Illinois estate law. If any presumption is to be relied on it should be that established rules as to the administration of estates have been considered and incorporated into a will. (*In re Estate of Fairchild* (1974), 21 Ill. App. 3d 459, 315 N.E.2d 658.) If testatrix had desired that Federal estate taxes be apportioned, she had ample opportunity to provide directions in her will. Without such direction, it was appropriate to follow the established rule for payment of the estate's debts.

St. Joseph's contends that not apportioning taxes encourages dispositions by intestacy and joint tenancy rather than by will. We find no merit to this contention. If a decedent wishes to provide for apportionment in a will, there is nothing to preclude such a direction from being inserted. *First National Bank v. Hart* (1943), 383 Ill. 489, 497, 50 N.E.2d 461, 465.

First United Methodist claims that a potential reduction in the tax burden on the estate requires equitable apportionment. While reducing the tax burden on estates is an important goal in estate planning, it is not the only consideration. Placing the burden of taxation on the residue benefits specific devisees and legatees over general devisees and legatees. (*In re Estate of Phillips* (1971), 1 Ill. App. 3d 813, 275 N.E.2d 685.) Each rule of allocation has its advantages, and we cannot say that equitable apportionment is so clearly superior that it warrants implementation by means of judicial decision.

■■ Finally, St. Joseph's contends that executor's fees and attorney's fees should also be apportioned. No additional argument is made other than those made for apportionment of estate taxes. The only authority cited is *In re Estate of Wahlin* (Mo. App. 1973), 505 S.W.2d 99, which deals solely with the issue of apportioning Federal estate taxes. After reviewing the arguments relating to apportionment of estate taxes in *Wahlin*, we decline to follow that case and adhere to the established Illinois rule. Unless a specific direction is left in the will, fees should be treated as an expense of administration and paid from the residue of the estate. No direction was left in testatrix' will; therefore, the circuit court correctly ordered that Federal estate taxes, executor fees, and attorney fees be paid out of the residuary estate.

For the foregoing reasons, the order of the Circuit Court of Clinton County denying apportionment of Federal estate taxes, executor's fees and attorney's fees is affirmed.

Affirmed.

WELCH and HARRISON, JJ., concur.