This is an appeal from an order construing the will of George P. Britt who died testate on April 14, 1980. Testator was survived by his wife, Anne M. Britt (Anne), and his six children from two former marriages. Following testator's death, American National Bank and Trust Company, as co-executor, filed a petition for construction of the first sentence of the third article of the will which states: "If my wife survives me I give to her one-third (1/3) of my probate estate." The petition named Anne Britt, the widow, and decedent's six children, who are beneficiaries of a residuary trust established in the will, as respondents. Anne's answer and supporting memorandum claimed that the bequest was for one-third of decedent's gross estate without any deductions. None of the children filed an answer; five of them, *Page 188 
however, submitted memoranda in which they contended that Anne was entitled to one-third of the estate after deducting, interalia, the costs of administration (i.e., attorney and executor's fees).
The trial court held that the term in Article THIRD "one-third (1/3) of my probate estate" meant one-third of the value of the inventory as filed with the probate court less all funeral expenses; all costs of administration, which are reasonable attorneys' fees and executors' fees; all costs of safeguarding and delivering the bequests, if any; and all proper charges against the estate, which are claims and debts owed by the decedent at the time of his death. Anne has appealed.
• 1 The starting point for our analysis is that Illinois follows the "burden on the residue" rule. Under this rule, taxes, debts and expenses of administration attributable to probate assets are borne by the residuary estate in the absence of a contrary indication in the will. (In re Estate of Maddux
(1981), 93 Ill. App.3d 435, 436-38, 417 N.E.2d 266; see alsoFirst National Bank v. Hart (1943), 383 Ill. 489, 497,50 N.E.2d 461.) There is a presumption that the attorney who prepared the will was aware of the rule when he drafted it. (Inre Estate of Phillips (1971), 1 Ill. App.3d 813,275 N.E.2d 685.) The rule operates as if it were written into the will itself. (In re Estate of Maddux (1981), 93 Ill. App.3d 435, 438.) If the will is silent as to the payment of taxes or other debts or fees allocable to probate assets, they are to be treated as expenses of administration and paid from the residue. 93 Ill. App.3d 435, 436.[1]
• 2 The bequest to the widow is contained in Article THIRD of the will and is not a residuary bequest. (Molner v. Silbert
(1956), 8 Ill. App.2d 388, 395-96, 132 N.E.2d 36.) Article FOURTH employs the term "residue" which has been defined as the estate remaining after the payment of charges, debts and particular legacies. (Retzinger v. Retzinger (1925), 239 Ill. App. 127, 133, rev'd on other grounds (1928), 331 Ill. 102,162 N.E. 155.) The residuary estate is what remains of a decedent's disposable or probate assets after payment of debts, expenses and other legal claims against the probate estate, including death taxes, and payment of the preresiduary legacies and devises. (See Annot., 68 A.L.R.3d 714, 734 n. 73 (1976).) Since Anne's legacy is a preresiduary legacy, the residue, which bears the burden of paying the debts and expenses of administration, cannot be calculated until that legacy is paid. Thus, in the absence of a contrary expression in the will, her bequest is not subject to these debts and expenses. We *Page 189 
find no such contrary expression in the first sentence of Article FIRST, on which appellees rely. That sentence states, "[m]y Executor shall pay all funeral expenses, costs of administration, including ancillary, costs of safeguarding and delivering bequests, and other proper charges against my estate." This language does not indicate what source is to pay these expenses, costs and charges, much less direct that they be paid out of Anne's preresiduary legacy. See In re Estate of Rosta (1982),111 Ill. App.3d 786, 795-96; In re Estate of Fender (1981),96 Ill. App.3d 1029, 1032-34, 422 N.E.2d 107; In re Estate ofGowling (1979), 77 Ill. App.3d 548, 551-52, 396 N.E.2d 82,aff'd (1980), 82 Ill.2d 15, 411 N.E.2d 266.
• 3 Appellees next argue that the chronological order of the will provisions requires that the expenses listed in Article FIRST be paid before Anne receives the bequest which is contained in Article THIRD. In Kelly v. Dyer (1934), 359 Ill. 46, 47,194 N.E. 255, the testatrix devised certain real property "`[s]ubject to the payment of my funeral expenses and indebtedness.'" It was contended on appeal that pursuant to this language, funeral expenses and debts had to be paid before the devisees could share in the proceeds of the real estate. The supreme court rejected this argument stating, "[b]y providing in the first clause of her will that her debts and funeral expenses were to be paid she merely stated what the law requires to be done. The expression in the will adds nothing to the law." 359 Ill. 46, 56; see also Inre Estate of Fender (1981), 96 Ill. App.3d 1029, 1033-34,422 N.E.2d 107; In re Estate of Gowling (1979), 77 Ill. App.3d 548,396 N.E.2d 82, aff'd (1980), 82 Ill.2d 15, 411 N.E.2d 266.
• 4 Appellees argue further that the burden on the residue rule exonerates only specific bequests and not general bequests. Characterizing the bequest to Anne as a general bequest, appellees conclude that Anne's reliance on the rule is misplaced. We cannot agree. Whether her bequest is properly considered specific, general or demonstrative (which combines elements of both) is immaterial. None of the authorities cited by appellees holds that a nonresiduary general legacy may be charged with the expenses and debts of the estate where the residuary estate is sufficient to pay them. Application of the burden on the residue rule does not turn on whether the nonresiduary legacy is specific or general.
• 5 Appellees also argue that equity requires all beneficiaries to share in the costs of administration. Such general equitable considerations, however, cannot overcome the intent of the testator as expressed in his will nor do they supersede the burden on the residue rule where the will is silent as to the payment of such costs. (In re *Page 190 Estate of Maddux (1981), 93 Ill. App.3d 435, 437-38,417 N.E.2d 266.) Had the testator intended Anne's bequest to bear its proportionate share of fees, debts and charges, he could have given Anne one-third of his residuary estate and the appellees the remaining two-thirds in trust for their benefit. This he did not do. Anne was given a preresiduary bequest and the residue was given in trust to the appellees. (See Molner v. Silbert (1956),8 Ill. App.2d 388, 396, 132 N.E.2d 36.) We note in this regard that there is a presumption that the testator intended to provide for the widow's interest. (In re Estate of Gowling (1980), 82 Ill.2d 15, 22-24, 411 N.E.2d 266.) An intent to preclude application of the burden on the residue rule must be found in the words of the will itself and not in what is presumed to exist in the mind of the testator. In re Estate of Maddux.
In In re Estate of Doerfler (1952), 348 Ill. App. 347, 349,109 N.E.2d 230, the will ordered the executor to pay "all my just debts and funeral expenses." The next provision stated that, "after the payment of such funeral expenses and debts, I give, devise and bequeath to my husband * * * a one-third part of my estate and property of whatsoever kind and wheresoever situated." In Doerfler, the issue was whether the husband's share was to be computed as one-third of the estate after deducting debts owing at the time of decedent's death and funeral expenses, but before deducting expenses of administration and federal estate taxes, or whether the husband's share was one-third of the estate after their deduction. The court found that the words employed in the will were plain and understandable and held that the husband's one-third share was to be computed before deducting administration expenses. In the case at bar, the will states not "one-third of my estate" but "one-third of my probate estate." (Emphasis added.) We do not believe that the inclusion of the word "probate" distinguishes the instant case from Doerfler.
See also Molner v. Silbert (1956), 8 Ill. App.2d 388,132 N.E.2d 36.
• 6 Finally, appellees contend that testator's silence with respect to payment of charges, when coupled with the direction in Article FIRST that the residue pay all taxes, indicates that testator intended to exonerate the residue from all expenses, costs and charges. In support of this they cite Brissenden v.Babcock (1968), 100 Ill. App.2d 207, 241 N.E.2d 209, for the proposition that an intention not to deduct costs from a certain fund carries with it the implication that deductions should come from some other source. Article FIRST in testator's will, however, contains no instruction regarding expenses, costs and charges. Moreover, the will in Brissenden, unlike the one here, provided that the beneficiary was to receive only a "net" amount. A *Page 191 
similar argument invoking the doctrine of expressio unius estexclusio alterius was rejected in Molner v. Silbert (1956),8 Ill. App.2d 388, 394-96, 132 N.E.2d 36.
For the foregoing reasons, we believe the trial court erred in construing testator's will. Accordingly, the court's judgment is reversed and the cause is remanded with directions that the court enter an order that Anne Britt, under Article THIRD of testator's will, is to receive one-third of testator's probate estate without deductions for funeral expenses, costs of administration (including attorney fees and executors' fees), or any other charges or claims against the estate.
Reversed and remanded with directions.
STAMOS and HARTMAN, JJ., concur.
[1] This appeal does not involve any issue relative to the payment of taxes. The testator directed that all taxes be paid out of the residuary estate.