No.  3--01--0428

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

In
 
re
 THE ESTATE OF ROBERT )  Appeal from the Circuit Court

L. MAIERHOFER, DECEASED )  of the 13th Judicial Circuit,

(JAMES L. MAIERHOFER, )  La Salle County, Illinois,

EXECUTOR, )

)

Appellee, )

)

v. )  No. 99--P--283

)

FRANCIS M. MAIERHOFER, )  Honorable

)  William R. Banich,

Appellant). )  Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

Robert L. Maierhofer died testate on October 29, 1999; his will was admitted to probate on November 8, 1999.  Robert's estate, consisting of various interests in real property and a guardianship account of over $333,000, was valued at 

$1,390,282.60.  Federal estate tax amounted to $211,976.17; Illinois estate tax was $52,487.63.  This appeal primarily concerns the payment of those taxes and their effect on the residuary clause of Robert's will.

The appellant is Francis Maierhofer, one of the testator's brothers.  Appellee James Maierhofer is Robert's other brother and was the executor of the estate.  In the first paragraph of his will, Robert directed the executor to pay all debts, funeral expenses and the cost of administering the estate, including estate taxes.  The second paragraph devised various interests in real property, primarily to Francis and James.  The third paragraph stated:

"I hereby give, devise and bequeath all of the rest, residue and remainder of my estate, whether real or personal property and wheresoever situated unto my brothers, Francis Maierhofer and James Maierhofer, in the following proportions.  My executor, after payment of debts, funeral expenses and the cost and expense of the administration of my estate shall divide said remaining property into two separate shares in such proportions as to render the relative value of all gifts under this Will to my brothers to be equal.  In making this determination, the appraised value of any real estate shall count against that brothers share, as if received by them outright, without calculating the values of the life estate, separately from the remainder interests."

The trial court ruled that the estate taxes should be paid from the residuary estate.  As a result, the burden of those taxes fell disproportionately on Francis, who paid about 80% of the taxes.  Francis contends that the trial court erred in failing to apply the principle of equitable apportionment, which would have distributed the tax burden more equally.  We disagree.

The trial court applied the "burden on the residue" rule in this case.

"Under this rule, taxes, debts and expenses of administration attributable to probate assets are borne by the residuary estate in the absence of a contrary indication in the will.  [Citations.]  There is a presumption that the attorney who prepared the will was aware of the rule when he drafted it.  [Citation.]  The rule operates as if it were written into the will itself.  [Citation.]  If the will is silent as to the payment of taxes or other debts or fees allocable to probate assets, they are to be treated as expenses of administration and paid from the residue."  
In re Estate of Britt
, 112 Ill. App. 3d 186, 188, 445 N.E.2d 367, 369 (1983); see also 
Haberl v. County of Monroe
, 142 Ill. App. 3d 152, 491 N.E.2d 909 (1986).

The courts of this state have consistently applied the burden on the residue rule (
In re Estate of Maddux
, 93 Ill. App. 3d 435, 417 N.E.2d 266 (1981)) and "this court has expressed the belief that Illinois lawyers have long relied on this rule and that 'countless wills have been drafted on this assumption'"  (
Haberl
, 142 Ill. App. 3d at 155, 491 N.E.2d at 911, quoting 
In re Estate of Phillips
, 1 Ill. App. 3d 813, 815, 275 N.E.2d 685, 687 (1971)).  Francis argues, however, that the principle of equitable apportionment should be applied to equalize the tax burden.  We disagree.

Equitable apportionment is a term used to describe the process of distributing the burden of estate expenses among beneficiaries in the same proportion they cause such expenses to be incurred.  
Landmark Trust Co. v. Aitken
, 224 Ill. App. 3d 843, 587 N.E.2d 1076 (1992).  Although many jurisdictions have statutes providing for equitable apportionment of the estate taxes among beneficiaries, Illinois does not.  
Landmark Trust
, 224 Ill. App. 3d 843, 587 N.E.2d 1076.  However, in 
Roe v. Estate of Farrell
, 69 Ill. 2d 525, 372 N.E.2d 662 (1978), our supreme court adopted equitable apportionment in cases of intestate estates containing both probate and nonprobate assets.  The court subsequently extended the applicability of 
Roe
 to testate estates in 
In re Estate of Gowling
, 82 Ill. 2d 15, 411 N.E.2d 266 (1980).  In both 
Roe
 and 
Gowling
, the recipients of 
nonprobate
 assets were required to pay the taxes attributable to those assets.  However, on several occasions this court has refused to apply equitable apportionment to estates containing only 
probate
 assets.  See 
Landmark Trust
, 224 Ill. App. 3d 843, 587 N.E.2d 1076; 
In re Estate of Fenton
, 109 Ill. App. 3d 57, 440 N.E.2d 222 (1982); 
Maddox
, 93 Ill. App. 3d 435, 417 N.E.2d 266.  Indeed, the appellate decision in 
Gowling
 pointed out that "two distinct rules" govern estate tax liability in Illinois:  the burden on the residue rule applies to probate assets, while nonprobate assets are subject to equitable apportionment.  
In re Estate of Gowling
, 77 Ill. App. 3d 548, 553, 396 N.E.2d 82, 86 (1979), 
aff'd
, 82 Ill. 2d 15, 411 N.E.2d 266 (1980).  Moreover, the application of separate rules to different classes of assets is not arbitrary:

"[T]here are sound reasons for not requiring contribution within the probate estate, while at the same time apportioning the tax burden between the probate and nonprobate assets.  Within the probate estate, the burden on the residue rule prefers specific over general bequests and devises in the allocation of tax burdens and for that reason is not manifestly unfair or a great distance apart from what a decedent's desires might ordinarily be assumed to be.  (
Phillips
.)  On the other hand, '[i]t is unfair to deplete the residue and general [probate] estate for the benefit of nontestamentary assets when the decedent may not have considered such assets as a part of his estate for death tax purposes but which are included under the broad concept of what constitutes the "gross taxable estate."'  A. Fleming, 
Apportionment of Federal Estate Taxes in Illinois--Current Status and Drafting Suggestions
, 63 Ill. Bar J. 522, 523 (1975)."  
Gowling
, 77 Ill. App. 3d at 553, 396 N.E.2d at 86.

Accordingly, we find that the trial court did not err in refusing to apply equitable apportionment to Robert's estate, as it consisted almost entirely of probate assets.  Francis further asserts, however, that the language of the testator's will precludes application of the burden on the residue rule.  Francis relies on the fact that the first article of the will directs the executor to pay all "debts, funeral expenses and the cost and expense of the administration of my estate 
including estate taxes
" (emphasis added) as soon as may reasonably be done.  In contrast, the third article directs the executor to divide the residue of the estate "after payment of debts, funeral expenses and the cost and expense of the administration of my estate."  Francis maintains that the omission of the phrase "including estate taxes" from the third paragraph manifests an intent by the testator to shield the residue from taxes.

As we have indicated, where a will is silent regarding the payment of taxes the burden on the residue rule requires payment from the residuary estate.  
Britt
, 112 Ill. App. 3d 186, 445 N.E.2d 367; 
Maddux
, 93 Ill. App. 3d 435, 417 N.E.2d 266.  Of course, a testator may designate what property should assume the tax burden.  See 
Landmark Trust
, 224 Ill. App. 3d 843, 587 N.E.2d 1076.  However, "[a]n intent to preclude application of the burden on the residue rule must be found in the words of the will itself and not in what is presumed to exist in the mind of the testator."  
Britt
, 112 Ill. App. 3d at 190, 445 N.E.2d at 370.  In this case we do not believe that the testator's omission of the phrase "including estate taxes" from the third article of the will suggests an intent to shift the tax burden elsewhere.  It is well settled that estate taxes are "considered an item of expense, such as debts, funeral expenses, and the like."  
First National Bank of Chicago v. Hart
, 383 Ill. 489, 497, 50 N.E.2d 461, 464-65 (1943); see also 
In re Estate of Grant
, 83 Ill. 2d 379, 415 N.E.2d 416 (1980); 
Lawless v. Lawless
, 17 Ill. App. 2d 481, 150 N.E.2d 646 (1958).  In both the first and third articles of the will, the testator directed the executor to pay the cost and expense of administering his estate, which includes estate taxes.  Mere acknowledgment of this fact in the first paragraph in no way evidences a contrary intent.

Nor do we find any ambiguity in the terms of the will.  Although it is true that in construing a will, a court's primary objective is to give effect to the testator's intent (
In re Estate of Miller
, 230 Ill. App. 3d 141, 595 N.E.2d 630 (1992)), the language of the will itself is the best proof of that intent (
In re Estate of Lind
, 314 Ill. App. 3d 1055, 734 N.E.2d 47 (2000)).  Here, the testator's direction to pay the cost and expenses of administration are consistent with the burden on the residue rule.  We find no ambiguity.

[Nonpublishable material under Supreme Court Rule 23 omitted here.]

Francis next argues that the executor lacked the authority to petition the court to transfer possession of the Tedford farm and the Morris house because the trial court's order of July 31, 2000, transferred possession of those properties to the independent special administrator, LaSalle National Bank.  We are aware of no principle of law, however, to support the proposition that appointment of a special administrator for a limited purpose divests the executor of authority over the estate after the special administrator has completed his task.  Moreover, section 20--1(c) of the Probate Act of 1975 (Act) provides:

"(c) Upon petition of 
any interested person
, the court may grant possession of real estate on such terms as it deems appropriate to the heir or legatee thereof, if it appears that the real estate or income therefrom will not be needed for the payment of claims, expenses of administration, estate or inheritance taxes or legacies."  (Emphasis added.)  755 ILCS 5/20--1(c) (West 1998).

An "interested person" includes one who has a financial interest or property right, such as an heir or legatee.  See 755 ILCS 5/1--2.11 (West 1998).  Thus, even if James lacked authority as executor to petition the court for possession, he had authority to do so as an "interested person" under the Act.  We find no error.

Finally, appellant argues that the trial court's order of July 31, 2000, transferring possession of the Foersterling/Dwight and Latimer farms, "determined that the estate taxes were charged equally against the two families."  Thus, according to appellant, the principle of 
res
 
judicata
 prevents reconsideration of this issue.  However, we find nothing in the court's July 31, 2000, order, or anything else in the record, to support the claim that the trial court "determined" how the estate taxes were to be paid prior to its May 2, 2001, order.  We find no error.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

McDADE, J., concurs.

JUSTICE HOLDRIDGE, specially concurring:

The burden on the residue rule is well-established in Illinois’ common law pertaining to testamentary disposition.  I thus concur in the majority’s Opinion.  I write separately, however, to express my concern regarding the propriety of the rule.

The third paragraph of Robert’s will shows that he intended Francis and James to emerge from the disposition of his property with gifts of equal value.  The record reveals the following dollar figures: aggregate value of James’ specific bequests--$429,000; aggregate value of Francis’ specific bequests--145,500; value of the residuary estate--$127,000.  The third paragraph’s equalization language entitled Francis to the entire residuary estate, giving him property with an aggregate value of $272,500.  The result was a disparity of $156,500 between the value of Francis’ and James’ gifts under the will.  That disparity was inherent given the size of the residuary estate and the circumstances of property value at the time of the disposition.

Equitable apportionment of the estate tax burden would have maintained this posture between Francis and James.  However, the burden on the residue rule increased the disparity between them by the value of the residuary estate ($127,000); all of which was applied to the tax bill before James shouldered any of the burden.  Thus, the rule defeated Robert’s expressed intention to the tune of $127,000.

I realize that Robert could have drafted his way around the rule.  However, I question the soundness of using the rule as a default standard.  I believe the default standard should engender equality and that a drafted exception should be required for unequal imposition of the tax burden.  Illinois’ common law currently operates backwards and causes the type of strife we now see between Francis and James.

This court has previously stated:

“In many other states, provision is made by statute for apportionment of estate taxes in the absence of specific testamentary direction to the contrary.  [Citation.]  A statute on the subject could deal at one time with the many problems involved.  [Citation.]  The legislature could also specify an effective date for a change with such widespread effects as an apportionment statute might have on wills now in existence.  ***  If a change is to be made in what we regard as a well established rule in this State on allocation of the burden of estate taxes, we believe it is for the legislature, and not for the courts, to do so.”  
In re Estate of Phillips
, 1 Ill. App. 3d 813, 815-16 (1971).

For the reasons stated above, I encourage the legislature to enact a statute implementing equitable apportionment as the default standard for imposition of testamentary estate taxes.