**In re The VALMA M. HANSON REVOCABLE TRUST NO. 103–83–1.**

No. 45A05–0202–CV–55.

Court of Appeals of Indiana.

Dec. 18, 2002.

Rehearing Denied Feb. 6, 2003.

David E. Mears, Robert G. Berger, Highland, IN, Attorneys for Appellant.

Robert A. Welsh, Harris Welsh & Lukmann, Chesterton, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Barry C. Bergstrom, Trustee of the Valma M. Hanson Revocable Trust ("Trust"), brings this interlocutory appeal of the trial court's order denying his motion to dismiss the action filed by Elizabeth Hanson and Bonnie Kuczkowski ("Petitioners") wherein they allege that Bergstrom had violated the terms of the Trust in his administration thereof. The issue Bergstrom presents upon appeal is whether the trial court erred in denying his motion to dismiss for failure to state a claim upon which relief can be granted.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 2, 1983, in Illinois, Valma Hanson executed an instrument that established the Trust. Hanson named herself as the original Trustee, but later she named Bergstrom as Trustee by amendment in 1992. Article Five of the Trust instrument directed the Trustee to pay the various taxes payable upon her death. Article Eight created a separate "Trust B" and directed that after her death, Trust B of the "Trust as then constituted" was to be divided and distributed pursuant to the provisions of "Schedule 'C'" of the Trust. *Appellant's Appendix* at 24. Schedule C, as amended in 1992, stated that the "Trust Estate as provided in Article Eight shall be divided and distributed" upon her death "as follows: 1. *SPECIFIC DEVISE OF REAL ESTATE*" then held in the Trust Estate was bequeathed to Bergstrom, and "2 .... the balance of the assets included in the Trust Estate as constituted" was to be divided according to specified percentages among nine individuals[1] and one church. *Appellant's Appendix* at 47. The Trust instrument also specified that the "Trust Agreement and the trusts created hereby shall be construed, regulated and governed by and in accordance with the laws of the State of Illinois." *Appellant's Appendix* at 33.

On March 31, 1992, Hanson executed a last will and testament. In Article I of her will, she bequeathed all of her personal property to Bergstrom. In Article II, she exercised her testamentary power of appointment over the principal assets that were held in Trust A from her late husband's revocable trust to appoint Bergstrom and bequeath those assets to him. In Article III, the will provided the "GIFT

---

1. One of the individuals named as a residuary beneficiary was Bergstrom with a 25% share indicated.

OF RESIDUE TO TRUST," whereby "all the residue of [her] estate" was "give[n] and devise[d]" to Trust B of her Trust. *Appellant's Appendix* at 85. The will named Bergstrom as executor thereof. Also, the will stated that Hanson was "a resident of Lake County, Indiana," and the will was to be "construed and interpreted under the laws of the State of which I am now a resident." *Appellant's Appendix* at 85, 88.

Hanson died on December 1, 1998. Indiana inheritance tax and Federal estate tax returns were filed, and the taxes and expenses were paid from the residuary assets of Trust B. Bergstrom allocated the payment of the taxes and expenses exclusively to the non-real estate assets in Schedule C and did not assess a contribution against the balance of the assets in Trust B, which included the devise of realty to Bergstrom. After Bergstrom had distributed to himself the real estate held by Hanson at the time of her death and paid the taxes and expenses, no property was available for those identified to receive the specified percentage shares of "the balance of the assets" in Trust B. *Appellant's Appendix* at 47.

On behalf of the residuary beneficiaries other than Bergstrom, the instant petition was filed, asserting that as Trustee, Bergstrom had violated the terms of the Trust by failing to apportion the federal estate tax and Indiana inheritance tax against all the property in Trust B.[2] Petitioners asked that the Trust be docketed concerning "all issues with respect to the accounting and distribution of assets within the Trust," *Appellant's Appendix* at 16, while also seeking the removal of Bergstrom and payment of attorney's fees.

Bergstrom filed a motion to dismiss, arguing that the petition failed to state a claim upon which relief could be granted. Specifically, Bergstrom contended that (1) the terms of the Trust authorized the payment of death taxes to be made at his discretion as Trustee, and (2) Indiana's statute on the apportionment of federal estate taxes was "inapplicable ... because the trust agreement specifies the application of Illinois law, which has no similar rule on apportionment." *Appellant's Appendix* at 72. The trial court denied Bergstrom's motion to dismiss, finding that the petition "states a claim on which relief can be granted because the Trust Agreement, as amended, should not be interpreted to permit payment of all death taxes from the residuary of the Trust." *Appellant's Appendix* at 7–8.

## DISCUSSION AND DECISION

Indiana Trial Rule 12(B)(6) provides for a motion that asserts the action should be dismissed because it fails "to state a claim upon which relief can be granted." Such a motion "test[s] the legal sufficiency of the claim, not the supporting facts." *C & E Corp. v. Ramco Indus., Inc.*, 717 N.E.2d 642, 643 (Ind.Ct.App. 1999). "A motion to dismiss is proper if it is apparent that the complaint states a set of facts and circumstances which, even if true, would not support the relief requested." *Time Warner Entm't Co. v. Whiteman*, 741 N.E.2d 1265, 1270 (Ind.Ct.App. 2001).

Bergstrom argues that the motion to dismiss should have been granted because the Trust instrument itself authorized his discretion in the payment of estate and inheritance taxes. The provision he relies

---

2. In their appellate brief, Petitioners assert that they "also raised issues which are related to the accuracy and completeness of the accounting of Bergstrom." *Appellee's Brief* at 9. However, they do not direct us to any such assertions in their petition, and we find only the assertion that he failed to apportion taxes.

upon is Article Five of the Trust, which as amended, reads as follows:

> DISCRETIONARY PROVISIONS FOR TRUSTEE TO DEAL WITH SETTLOR'S ESTATE AND MAKE PAYMENTS OF DEBTS AND TAXES
>
> After the Settlor's death, the Trustee, if in its discretion it deems it advisable, may pay all or any part of the Settlor's funeral expenses, legally enforceable claims against the Settlor or her estate, reasonable expenses of administration of her estate, any allowances by court order to those dependent upon the Settlor, *any estate, inheritance, succession, death or similar taxes payable by reason of the Settlor's death,* together with any interest thereon or other additions thereto, without reimbursement from the Settlor's executor or administrator, from any beneficiary of insurance upon the Settlor's life, or from any other person. *All such payments,* except of interest, *shall be charged generally against the principal of the Trust Estate includable in the Settlor's estate for Federal estate tax purposes* and any interest so paid shall be charged generally against the income thereof, provided, however, *any such payments of estate, inheritance, succession, death or similar taxes shall be charged against the principal constituting Trust B* and any interest so paid shall be charged against the income thereof. ....

*Appellant's Appendix* at 39–40 (emphasis added).

Petitioners argue that because this Trust provision specifically directs that taxes are payable *generally* from the principal of Trust B, and the real estate distributed to Bergstrom was a part of the principal of the Trust, that real estate must not be excluded from being subject to the payment of a share of the estate taxes.[3] Petitioners further assert that "[t]he intent of Hanson in her Trust is clear on its face" and requires apportionment across all of the assets in Trust B. *Appellees' Brief* at 8. We agree.

Petitioners note that "both Indiana and Illinois law recognize the legal proposition that in construing a trust, the prime goal is to determine the settlor's intent by first looking at the plain language of the document." *Appellant's Brief* at 10. If the settlor's intent is clear from the plain language of instrument, and not against public policy, then we must honor the settlor's intent. *Appellant's Brief* at 10. Indeed, we have said that the primary objective "in interpreting a trust is to determine the intent of the settlor," which is an "age-old proposition." *Matter of Fitton*, 605 N.E.2d 1164, 1169 (Ind.Ct. App.1992). We must ascertain the settlor's intent and "give effect to" that intent. *Ind. Dep't of State Revenue v. Nichols*, 659 N.E.2d 694, 699 (Ind.Tax 1995). We examine the trust document as a whole to determine "the plain and unambiguous purpose of the settlor" as that intent appears "within the 'four corners' of the trust document." *Id.* (citations omitted). When interpreting a trust, we "must look to the language used in the instrument." *Stowers v. Norwest Bank Indiana*, 624 N.E.2d 485, 489 (Ind.Ct.App.1993), *trans. denied* (1995). Our determination of the settlor's intent based upon unambiguous trust document terms is a question of law. *Id.* Indiana's Trust Code provides that its rules of law are to "be interpreted and

---

**3.** In their brief to the trial court opposing the motion to dismiss and in their appellate brief, Petitioners asserted that the expenses of administration should also have been so apportioned. However, no such assertion was presented to the trial court in Petitioners' amended petition for docketing of the Trust. *See Appellant's Appendix* at 12–16.

applied to the terms of the trust so as to implement the intent of the settlor and the purposes of the trust." IC 30–4–1–3. "If the rules of law and the terms of the trust conflict, the terms of the trust shall control unless the rules of law clearly prohibit or restrict the article which the terms of the trust purport to authorize." *Id.*

■ The trust language authorizes the Trustee, in its discretion, to pay the various taxes due upon the settlor's death by charging them *generally* against the principal of the Trust Estate that was included in the settlor's estate for Federal estate tax purposes. "Principal" is defined as "the corpus or main body of an estate ... distinguished from income." WEBSTER'S THIRD INT'L DICTIONARY 1802 (1976). Hence, the "balance of the assets," which the Trust directed to be distributed by percentage to the Petitioners, was part of the principal of the Trust Estate. Here, the principal of Trust B as shown on the federal estate tax return filed by Bergstrom consists of a Trust value of $1,027,351.00 and includes real estate valued at $388,046.00, which Bergstom passed to himself without any contribution for payment of taxes and expenses. Bergstrom paid taxes, including federal estate tax and Indiana inheritance tax, in the amount of $228,412.31 without assessing a proportionate share against each beneficiary's distribution. He specifically failed to allocate payment of the taxes to the balance of the assets in Trust B, which included the real estate.

As the primary beneficiary, Bergstrom inherited over three-quarters of a million dollars after taxes, while the other named beneficiaries received nothing. We are left with the sense that Bergstrom had an irreconcilable conflict of interest and that paying the taxes from the assets set aside for the other beneficiaries thwarted Hanson's testamentary intent that they share in her estate.[4] The Trust specified a number of gifts to nine individuals and a church and if Hanson had intended Bergstrom to be the sole beneficiary (the net effect of non-apportionment), she could easily have stated this in the instrument. She made her intent clear by specifically stating that the taxes be charged *generally* against the principal of the Trust included in her estate. The principal included the real estate, and taxes paid from the trust were to be charged against it as is the case with the non-real property assets.

Bergstrom argues that we should be guided by Illinois law because Hanson specified the application of Illinois law in her Trust. Illinois has not adopted an apportionment rule. In *Estate of Maierhofer*, 328 Ill.App.3d 987, 989, 263 Ill.Dec. 124, 767 N.E.2d 850, 852 (2002), the Appellate Court of Illinois most recently affirmed that Illinois does not follow "the principle of equitable apportionment"[5] *when the instrument is silent as to the source of probate tax payment.* Rather, "the burden on the residue rule"—that "taxes, debts and expenses of administration attributable to probate assets are borne by the residuary estate *in the absence of a contrary indication in the [instrument]*"—is the rule for "estate tax liability in Illinois." *Id.* at 990, 263 Ill.Dec.

---

4. Most egregious is the fact that the share set aside for the United Methodist Church was utilized to pay death taxes notwithstanding the fact that it is a charitable donation exempt from such taxes and that it appears Bergstrom took a deduction on the federal estate tax return for the gift.

5. The Illinois court explained that equitable apportionment "is a term used to describe the process of distributing the burden of estate expenses among beneficiaries in the same proportion they cause such expenses to be incurred." 328 Ill.App.3d at 990, 263 Ill.Dec. 124, 767 N.E.2d at 852.

124, 767 N.E.2d at 853. The Illinois court noted that "courts of this state have consistently applied the burden on the residue rule," a rule that "Illinois lawyers· have long relied on," with countless instruments "drafted on this assumption." *Id.* at 990, 263 Ill.Dec. 124, 767 N.E.2d at 852 (citations omitted).

Contrary to Bergstrom's argument, because the intent of the settlor is clear from the language of the trust instrument, we conclude that apportioning the payment of taxes across all of the assets in Trust B, not just those going to the remaining beneficiaries, is consistent with Illinois law that payment should be from the residuary estate "in the absence of a contrary indication." *Id.* at 989, 263 Ill.Dec. 124, 767 N.E.2d at 852. Bergstrom's argument must fail because it ignores the plain language used by Hanson herself concerning payment of the taxes.

Based upon the language of the Trust instrument, we find that Petitioners have stated a set of facts and circumstances that can support the relief they requested. Consequently, the trial court did not err in denying Bergstrom's motion to dismiss.

Affirmed.

BROOK, C.J., concurs.

DARDEN, J., dissents with separate opinion.

DARDEN, Judge, dissenting.

I must respectfully disagree with the majority's conclusion that the trust instrument expressed the clear intent that the payment of taxes be apportioned "across all of the assets in Trust B." Slip Op. at 9.

In my opinion, the trust instrument expressed Hanson's clear intent that it be entirely a matter of the Trustee's discretion as to what assets constituting the principal of her estate would be utilized to pay taxes. Although I am more than willing to acknowledge that the result of the Trustee's exercise of that discretion can be seen as inequitable when the Petitioners had been named as potential residuary beneficiaries, I cannot turn a blind eye to the unambiguous language of the trust instrument written by Hanson.[6]

As the majority notes, the trust instrument authorizes the Trustee, in its discretion, to pay the various taxes owing upon the settlor's death from the principal of the Trust Estate that was included in the settlor's estate for Federal estate tax purposes. However, in my opinion, that is exactly what happened. "Principal" is defined as "the corpus or main body of an estate ... distinguished from income." WEBSTER'S THIRD INT'L DICTIONARY (1976) p. 1802. Hence, the "balance of the assets," which (after the specific devise of real estate to Bergstrom) the Trust directed to be distributed by percentage to the Petitioners, was part of the principal of the Trust Estate. If Hanson had desired that the Trustee pay the taxes by assessing a proportionate share against each beneficiary's distribution—the real estate specifically devised to Bergstrom as well as the Petitioners' shares—she could have written the trust instrument to so state. For example, the Trust could have provided that the tax payments by the Trustee should be "charged generally, in shares proportionate to the respective beneficia-

---

**6.** It is worth noting that there is no assertion that undue influence or fraud induced Hanson in her drafting of the trust instrument; nor do Petitioners claim a lack of capacity on the part of Hanson. I am also mindful of the effect of time—from when Hanson drafted the trust instrument until her death—on the total assets remaining at the time of her death, both as to her need to use resources for her own maintenance and the fluctuation of the value of equities in her estate based on market forces.

ries' distributions, against the principal of the Trust Estate . . . ." However, by the clear language she used in the trust instrument, Hanson did not direct the Trustee to apportion among the beneficiaries the tax burden owing upon her death.

Absent such a specific direction upon the part of Hanson, I would next consider the fact that Hanson specified the application of Illinois law. As the majority notes, Indiana's Trust Code provides that its rules of law are to "be interpreted and applied to the terms of the trust so as to implement the intent of the settlor and the purposes of the trust." *See* IND.CODE § 30–4–1–3. "If the rules of law and the terms of the trust conflict, the terms of the trust shall control unless the rules of law clearly prohibit or restrict the article which the terms of the trust purport to authorize." *Id.* Petitioners direct us to no authority that would prohibit Hanson, as settlor, from specifying the application of Illinois law in the administration of her trust. Consequently, because it was her intent that Illinois law apply, I would turn to the law of that state and its application to the terms of the Trust.

In *Estate of Maierhofer,* 328 Ill.App.3d 987, 989, 263 Ill.Dec. 124, 767 N.E.2d 850, 852 (2002), the Appellate Court of Illinois most recently affirmed that Illinois does not follow "the principle of equitable apportionment" when the instrument is silent as to source of probate tax payment. Rather, "the burden on the residue rule" is the rule for "estate tax liability in Illinois." 328 Ill.App.3d at 989, 990, 767 N.E.2d at 852, 853. The Illinois court noted that its courts "have consistently applied the burden on the residue rule," a rule that "Illi-

nois lawyers have long relied on," with countless instruments "drafted on this assumption." 328 Ill.App.3d at 990, 767 N.E.2d at 852 (citations omitted). Therefore, the fact that as Trustee, Bergstrom used the discretion given to him to pay the death taxes from the residuary estate [7] is not only consistent with the terms of the Trust, but it is consistent with Illinois law that payment should be from the residuary estate "in the absence of a contrary indication." 328 Ill.App.3d at 989, 767 N.E.2d at 852.

The Petitioners also argued to the trial court that Indiana law should apply because Hanson executed her will in Indiana, her real and personal property were located in Indiana, and she was a resident of Indiana at the time of her death. However, I would also find this argument to fail because it ignores the plain language used in the will by Hanson concerning payment of the taxes.

Indiana law provides that federal estate taxes "shall be" apportioned "among all" of the estate's beneficiaries "unless" the decedent has "otherwise" directed in the will. IND.CODE § 29–2–12–2. Hanson's will directed that taxes "payable by reason of [her] death" be paid "out of the principal of [her] residuary estate." (App. 86). Under Hanson's will, the principal of her "residuary estate" can be read to be either (1) all of Trust B or (2) the "balance of the assets" to be distributed to Petitioners after the specific devise of real estate to Bergstrom. Under either interpretation, the payment of taxes by Bergstrom does comport with the specific direction of Hanson's will that taxes be paid from the residuary estate, and the statute does not dictate a contrary result.[8] Consistent with

---

7. BLACK's defines "residuary estate" as "[t]he part of a decedent's estate remaining after all debts, expenses, taxes, and specific bequests and devises have been satisfied." BLACK'S LAW DICTIONARY 569 (7th ed.1999).

8. The statute specifies that for apportionment purposes, the term "will" includes a trust. I.C. § 29–2–12–1.5.

the statute, I would find that the Trust directed the Trustee to make the tax payment from the principal—and, as previously noted, that is what I find Bergstrom to have done.

Based upon the language of the Trust instrument and of Hanson's will, it appears to me that the Petitioners have stated a set of facts and circumstances that cannot support the relief they requested; therefore, I believe Bergstrom's motion to dismiss should have been granted.